**STATE of Missouri, Plaintiff-Respondent,**

v.

**David HAYES, Defendant-Appellant.**

**No. 39258.**

Missouri Court of Appeals, St. Louis District, Division One.

Oct. 3, 1978.

---

Robert C. Babione, Public Defender, Christelle Adelman-Adler, Asst. Public Defender, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, John M. Morris, III, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty. and Gordon L. Ankey, St. Louis, for plaintiff-respondent.

CRIST, Judge.

David Hayes was charged with operating a motor vehicle without the consent of its owner and with assault with intent to kill

with malice aforethought. He was found guilty by a jury as charged on the first count, operating a motor vehicle without the owner's consent, and guilty of the second count of the lesser included offense of assault with intent to do great bodily harm. The court found that the Habitual Criminal Act was applicable and assessed punishment at five years imprisonment on each count, sentences to run concurrently.

Defendant did not testify and offered only one exhibit in his defense.

At about 6:00 p. m. on September 10, 1976, one William Burd parked his car, a 1962 Chevrolet, in a lot next to his house, located in the City of St. Louis. At approximately 11:00 p. m. on that date, Mr. Burd received a call from the police department and learned at that time that his car had been missing. He went to the police station and identified his automobile. He saw the defendant at the police station. He had never met the defendant before, nor had he given him permission to drive his (Burd's) automobile. At 10:30 p. m. on the same evening, a St. Louis police vehicle occupied by Officers Corbin and Keough was stopped at a traffic. light at 14th & Olive Streets, with two other vehicles stopped to their left, one behind the other. While there, they saw a 1962 Chevrolet driven by defendant approach from behind and collide with the rear of the second of two vehicles in the traffic lane to their left. The officers drove around the corner, stopped their vehicle, and walked to the other vehicles to check for injuries. After Corbin checked the first two vehicles, he began walking toward the third, the Chevrolet. At this time, the Chevrolet was backing up. It began going forward, slowed somewhat, then swerved into the right-hand lane, and accelerated directly toward Corbin. Corbin jumped over the front of the automobile to get out of the way. When he did so his nightstick hit the windshield of the car and cracked it. Corbin landed on the pavement, but was not injured, nor was he hit by the moving Chevrolet.

Corbin's partner, Officer Keough, pursued the Chevrolet. This chase lasted approximately two or three minutes when the defendant apparently lost control of the Chevrolet, struck a parked vehicle and then a side of a building. The Chevrolet stopped, but it backed up and struck an unmarked police vehicle.

Keough got out of his vehicle, ran to the driver's side of the Chevrolet, and observed that the defendant appeared to be stunned for a moment, then he slid toward the passenger's side of the car, exited, and ran from the scene. The officers chased him and three minutes later, defendant was arrested in the 700 block of Washington.

The court instructed the jury on operating a motor vehicle without the owner's consent on Count I. It further instructed the jury on (1) assault with intent to kill with malice aforethought, (2) assault with intent to kill without malice aforethought, and (3) assault with intent to do great bodily harm without malice on Count II. The court refused defendant's offered instruction on common assault on Count II.

A verdict of guilty of operating a motor vehicle without the owner's consent was returned on Count I, and a verdict of assault with intent to do great bodily harm without malice was returned on Count II.

█ Defendant first assigns error in the trial court's refusal to submit to the jury his offered Instruction A on the lesser included offense of common assault. He has failed to set forth in full Instruction A in the argument portion of his brief, as required by Rule 84.04(e). Accordingly, this point is not preserved for appellate review. *State v. Gilbert*, 544 S.W.2d 595, 597 (Mo. App.1976). We have reviewed this point under plain error Rule 27.20(c), and conclude that there was insufficient evidence to support a submission of the lesser included offense of common assault. *State v. Howell*, 524 S.W.2d 11 (Mo. banc 1975).

█ Defendant also complains that the court erred in giving two verdict directors

which both submitted a felonious assault without malice aforethought under § 559.-190 RSMo. 1969. The court had given one verdict director under § 559.180 RSMo. 1969 submitting felonious assault with malice aforethought. It then gave two verdict directors under § 559.190 RSMo. 1969 finding either that defendant was guilty of the assault with intent to kill without malice or, in the alternative, that he was guilty of assault with intent to do great bodily harm without malice. For the reason that the higher offenses submitted were proved by the state, we find no merit in his contention.

■■■ A case was clearly made on all charges, the requisite intent of malice being inferable from defendant's conduct—specifically, his driving straight forward, his visible hesitation, and then his turning the vehicle to the right and sudden acceleration directly toward Officer Corbin. The state is entitled to submit instructions on all alternative theories of guilt so long as each theory is supported by the evidence. *State v. Mullen,* 532 S.W.2d 794, 797 (Mo.App. 1975).

■■ Defendant's last contention is that the court erred in sustaining the state's objection, in closing argument, to the defendant's attempt to argue that he had permission to operate the motor vehicle in question. Mr. Burd testified unquestionably that the car was his and that the defendant did not have permission to use it. There was no contradicting testimony. Defendant attempted to argue that Mr. Burd gave defendant permission to drive the car which argument was objected to on the ground that it was beyond the scope of any evidence, and that there was no testimony relative thereto. The objection was sustained. We find that the trial court's action was not an abuse of sound discretion.

In *State v. Bailey,* 526 S.W.2d 40 (Mo. App.1975) the court stated: "A basic principle governing jury argument is that counsel should refrain from arguing matters not in evidence." In *State v. Williams,* 546 S.W.2d 54 (Mo.App.1976) the court held that the trial court has wide discretion in con-

trolling arguments of counsel. We do not believe that the trial court abused its discretion in this case.

The judgment is affirmed.

CLEMENS, P. J., and SMITH, J., concur.