STATE of Missouri, Plaintiff-Respondent,

v.

Joseph E. MORRIS, Defendant-Appellant.

No. 12426.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 30, 1982.

Albert Crump, Jr., Asst. Public Defender, Rolla, for defendant-appellant.

John Ashcroft, Atty. Gen., Priscilla Gunn, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Presiding Judge.

A jury found the defendant guilty of the class C felony of stealing. In accordance with the jury's assessment he was sentenced to imprisonment for three years. Upon cross-examination of the defendant the state sought to impeach him by showing a prior conviction. His two points on appeal arise from this incident.

In answer to a question by the prosecuting attorney the defendant replied that he had been convicted of stealing by deceit. After this answer, at the request of the defendant, there was a bench conference to hear his objection which was properly overruled. The prosecuting attorney then asked if that was a felony or a misdemeanor. Before an answer there was another bench conference at the request of defendant's counsel, not counsel on appeal. An objection based on the proposition the state could inquire concerning only felonies was overruled. The prosecuting attorney then asked if it was a felony. The defendant replied he didn't know, but he "got probation and I've got a year left on it." The prosecuting attorney then asked what was the sentence. The defendant objected and asked for a mistrial. The court stated it understood the state thereby was trying to show felony or misdemeanor by the length of the sentence. However, the court added the nature of the crime could be shown by the record. The objection was sustained, but the request for a mistrial was denied.

The defendant's first point is that the trial court committed reversible error because it did not sustain that motion for a mistrial. To impeach the credibility of the defendant as a witness the state had a right to show by cross-examination or by record his prior criminal convictions, pleas of guilty, pleas of nolo contendere and findings of guilty. § 491.050. *State v. Morris,* 460 S.W.2d 624 (Mo.1970). This includes the nature and kind or character thereof. *State v. Busby,* 486 S.W.2d 501 (Mo.1972). "If the defendant may be impeached as any other witness, it is not only proper to show that he had been convicted but to show of what crime he had been convicted." *State v. McBride,* 231 S.W. 592, 594 (Mo.1921). It has been declared that upon such cross-examination "[i]t is permissible, however, to elicit the nature, dates and places of the occurrences *and the sentences resulting therefrom." State v. Sullivan,* 553 S.W.2d 510, 515 (Mo.App.1977). (Emphasis added). However, even assuming the question was improper, the question did not add any additional facts and if erroneous, it was not prejudicial. *State v. Runyon,* 619 S.W.2d 955 (Mo.App.1981). Further, any emphasis placed upon the defendant's conviction resulted from his unfounded objection and bench conferences. Whether or not an improper question calls for the drastic remedy of a mistrial is within the discretion of the trial court. *State v. Richardson,* 343 S.W.2d 51 (Mo.1961). Again, even assuming the question was improper, the trial court did not abuse its discretion in denying that relief.

The defendant's other point is that the trial court committed plain error in not giving an instruction such as MAI–CR2d 3.58 cautioning the jury concerning its consideration of that conviction. The defendant neither requested such an instruction or preserved the point in his motion for a new trial. "Whenever there is an MAI–CR instruction or verdict form applicable under

the law to the facts, the MAI–CR instruction or verdict form shall be given or used to the exclusion of any other on the same subject." Rule 28.02(c). The defendant's intimation the court should have given an instruction on the subject other than MAI–CR2d 3.58 is without merit. Instructions in the 3.00 series may be given without a request and shall be given if requested in the prescribed manner. Rule 28.02(a). The trial court did not err in failing to give MAI–CR2d 3.58 in the absence of the defendant's proper request. Had it done so the defendant would no doubt be complaining the trial court thereby placed undue prominence upon the defendant's conviction. The judgment is affirmed.

HOGAN and BILLINGS, JJ., concur.