**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Gregory Allen MANNING,
Defendant-Appellant.**

**No. 46461.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 10, 1984.

Motion For Rehearing and/or Transfer
to Supreme Court Denied
Feb. 17, 1984.

Application to Transfer Denied
March 20, 1984.

Charles Clifford Schwartz, Jr., Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

GAERTNER, Presiding Judge.

Appellant was found guilty by a jury of assault in the second degree. He does not challenge the sufficiency of the evidence and therefore the facts may be stated briefly.

The victim of the assault was appellant's wife, Brenda. They had been separated for several months and had discussed divorce. Brenda was living in the upstairs apartment of a two family flat with a friend, Julie Peckron. Brenda, her friend, Mark Walker, Julie and her friend, Larry Latham, were all at the apartment when appellant came in about 2:00 a.m. on May 17, 1981. Brenda, who was in the bedroom with Mark, came to the kitchen to speak with appellant. He mentioned a reconciliation but Brenda stated she was not interested. Brenda testified he then produced a gun from under his shirt and pointed it at her. She ran into the hall and was shot in the leg. She said appellant then went toward the bedroom where Walker was located. She heard more shots fired. He re-

turned to the living room and, at Brenda's request, handed her the gun. Walker was found dead in the bedroom, having been shot twice in the chest, once in the back and once in the back portion of his head.[1] Police recovered five empty cartridges in the bathroom and four live cartridges in appellant's pocket. The gun, when recovered by the police, was fully loaded.

Appellant's testimony differed from that of his wife in that he claimed she brought the gun into the kitchen and laid it on the table. He claimed he saw Walker coming out of the bedroom with a gun in his hand. Appellant testified he then picked up the gun from the table and shot into the hallway. He did not intend to shoot his wife. He admitted shooting Walker, but claimed he did so because Walker had a gun in his hand. He denied making the statement testified to by police officers that he shot both people, "because she's my wife."

On appeal appellant contends the trial court erred in admitting certain evidence, in restricting his cross-examination of the victim and in giving and refusing certain instructions. We affirm.

■ Appellant complains about the admission in evidence of a photograph of Walker's body taken at the scene and showing a gunshot wound in the back of his head. Appellant failed to make timely objections at trial to the relevance of the evidence relating to the murder of Walker, nor does he make such assertion here, except as to the photograph. Evidence of other crimes is admissible "where it tends to establish motive, intent, the absence of mistake or accident, a common scheme or plan embracing the commission of two or more crimes so related that the proof of one tends to establish the other..." *State v. Trimble,* 638 S.W.2d 726, 732 (Mo. banc 1982). It was the State's theory of the case that appellant went to the house armed with a gun intending to kill his wife and her paramour. The evidence of Walker's murder tended to establish this motive and

intent. Further, the depiction of the wound in the back of Walker's head was relevant in that it tended to refute appellant's theory that he shot Walker in self-defense. The court did not abuse its broad discretion in admitting the photograph into evidence. *State v. Clemons,* 643 S.W.2d 803, 805 (Mo. banc 1983).

■ Next, appellant argues the trial court improperly limited his cross-examination of the victim of the assault. The evidence relating to the production of the gun was conflicting. Brenda testified appellant produced the weapon from underneath his shirt and that she had never seen it before. Appellant testified his wife took the gun from the pocket of her robe. On direct examination, Brenda identified the gun introduced as an exhibit. She testified that neither she nor anyone in the apartment had possessed that gun prior to the date of the shooting. On cross-examination, she admitted keeping a pistol for protection when she lived in another neighborhood. Counsel for appellant then began the next question, "and do you remember pointing...". An objection interrupted the question and a lengthy chambers conference ensued. From the record of this conference, it appears that defense counsel was attempting to question her about an incident prior to the separation in which Brenda had pointed a gun at a police officer mistakenly believing him to be an intruder. His stated purpose was to impeach her testimony that she had never possessed the gun before. The court sustained the objection, but indicated he would permit counsel "to ask if she's ever had this gun or owned this gun, this gun." Counsel then proceeded to ask Brenda, "Now, isn't it a fact that you took this particular gun and you pointed it at..." Again the question was interrupted by an objection which was sustained. Appellant's counsel made no further inquiries of Brenda regarding this gun.

The record fails to support appellant's argument that his right of cross-examina-

---

1. Appellant was found guilty in another trial for second degree murder for the killing of Walker. That conviction was reversed and re-

manded for a new trial by reason of error in the admission of certain evidence. *State v. Manning,* 657 S.W.2d 301 (Mo.App.1983).

tion was unduly restricted. After her denial, Brenda's prior possession of the gun became a proper subject for cross-examination. Indeed, the trial judge advised counsel he would allow questions directed to that point. But counsel insisted upon phrasing his questions in such a manner as to include a remote and irrelevant issue. A simple, direct question relating to her prior possession of the gun was never addressed to Brenda on cross-examination. The only restriction imposed by the court's ruling was to exclude the earlier incident relating to the pointing of the gun at a police officer. The court did not exclude all inquiry relating to prior possession of the gun. Rather, the court exercised its discretion by placing "reasonable limits upon the cross-examination ... in order that the subject, being collateral to the main issue, did not consume an inordinate amount of time and did not distract the jury from the main inquiry." *State v. Ofield*, 635 S.W.2d 73, 75 (Mo.App.1982).

Appellant's contention of error in refusing to instruct on assault in the third degree is equally without merit. Acknowledging that § 556.046 RSMo 1978 excludes the obligation to instruct on lesser included offenses unless there is an evidentiary basis for an acquittal of the greater offense and a conviction of the lesser, appellant argues that his own testimony of absence of intent to shoot his wife would meet this criterion. This argument overlooks the fact that the statutory definitions of degrees of assault do not differ solely on the issue of mental intent as do the degrees of homicide offenses. This dictinction is lucidly explained in *State v. Olson*, 636 S.W.2d 318, 322 (Mo. banc 1982) wherein it is noted that "[t]he degrees of assault differ somewhat in accordance with the severity of the injury intended, the severity of the injury inflicted, and the *instrument used in the assault*." (emphasis added) Generally, the use of a deadly weapon in the perpetration of an assault precludes the possibility of a conviction of assault in the third degree. *State v. Heitman*, 613 S.W.2d 902, 906 (Mo.App. 1981); *State v. Brandon*, 606 S.W.2d 784, 787 (Mo.App.1980). The absence of intent to injure his wife as testified to by appellant was submitted to the jury by Instruction 5, MAI–CR2d 2.28, Excusable Assault by Instruction 6A, MAI–CR2d 2.37.1, Mistake, and by Instructions 9 and 11, MAI–CR2d 3.02, conversing intent. The jury chose not to believe his testimony in this regard. This being the case, his use of a deadly weapon was either first or second degree assault depending upon the severity of the injury caused or intended. There was no evidentiary support for the submission of an instruction on assault in the third degree.

Appellant's contention that the verdict directing instruction given by the court on the charge of first degree assault was erroneous affords him no ground for relief. He was found not guilty of that offense. A defendant is not prejudiced and may not object to an instruction on an offense for which he was not convicted. *State v. Frank*, 639 S.W.2d 209, 211 (Mo. App.1982).

Finally, appellant alleges error in the giving of Instruction 10 MAI–CR2d 19.-04.2, the verdict director on the lesser offense of second degree assault, the offense for which the appellant was convicted. On appeal, his attack upon this instruction is two fold. First he argues that the court should have given MAI–CR2d 19.04.1 "Assault in the Second Degree—Mitigated from Assault in the First Degree." However, the only assignment of error directed toward Instruction 10 in appellant's motion for a new trial is that it failed to require a finding that appellant knowingly caused physical injury to his wife by means of a deadly weapon. Not having presented this argument to the trial court, he has failed to preserve this point for appellate review. *State v. Young*, 610 S.W.2d 8, 12 (Mo.App. 1980). We decline to consider this argument as "plain error" under Rule 29.12(b). Instructional error is generally not "plain error" unless the trial court has so misdirected or failed to instruct the jury on the law of the case as to cause manifest injustice or a miscarriage of justice. *Id.; State*

*v. Harley,* 543 S.W.2d 288, 292 (Mo.App. 1976). Such is not the case here. Instruction 10 conformed to MAI–CR2d 19.04.2 and was supported by the evidence. The instruction appellant now argues should have been given, MAI–CR2d 19.04.1, does not have evidentiary support in that the injury inflicted was not a serious physical injury, but was diagnosed as a "superficial gunshot wound of the left leg". Much less than manifest injustice, appellant's unpreserved point is meritless.

■ Appellant did charge in his new trial motion that the court erred in failing to use paragraph one of MAI–CR2d 19.04.2, "knowingly caused physical injury". The court used paragraph two of the instruction, "attempted to cause physical injury". Appellant argues that this was improper because physical injury was in fact inflicted. His argument misses the point. Paragraph two of MAI–CR2d 19.04.2 does not submit an inchoate or uncompleted offense. MAI–CR2d 18.02 is the approved pattern instruction for that purpose. The three optional paragraphs of MAI–CR2d 19.04.2 are structured so as to require the jury to find the appropriate mental state shown by the evidence. The possible mental states are knowingly, in paragraph one, or purposely, in paragraph two, or recklessly, in paragraph three. Thus, in this case, the jury was required by Instruction 10 to find that appellant acted with the purpose of inflicting physical injury. This was the core issue in the trial as the appellant admitted firing the shot which struck his wife, but denied any intention to harm her. As stated in the *New Criminal Code: A Manual for Court Related Personnel,* 7.3 Culpable Mental State (1978), " '[p]urposely' and 'knowingly' refer to what is commonly thought of as intention. It will usually make no difference in the degree of criminal liability whether a person acts purposely or knowingly." The jury was not misdirected and appellant suffered no prejudice from the trial court's choice of paragraph two of MAI–CR2d 19.04.2.

The judgment is affirmed.

SMITH and STEPHAN, JJ., concur.