**STATE of Missouri, Respondent,**

v.

**Allen Winther LEONARD, Appellant.**

No. 47523.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 1, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 1, 1984.

Application to Transfer Denied
July 17, 1984.

Henry B. Robertson, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Judge.

Defendant appeals after his conviction by a jury of robbery in the first degree, a violation of § 569.020, RSMo.1978, and burglary in the first degree, a violation of § 569.160, RSMo.1978. He was sentenced to thirteen years' imprisonment for robbery and ten years for burglary, to be served concurrently. We affirm.

In the evening of September 2, 1982, the victim and friends were playing cards in her St. Louis apartment, which occupies the upper half of a two story duplex. As one guest opened the door to leave, several men forced their way into the residence. One wore a ski mask and brandished a B–B pistol; another was armed with a butcher knife. The intruders took the women's purses. Two men proceeded to the back of the apartment and kicked in the bedroom door. They removed money found on the dresser, a clock and a television.

Police, summoned by a neighbor, arrived while the robbery was in progress. One

officer entered the apartment and the other stationed himself behind the building. Two of the intruders threw their masks and the pistol under the buffet, assumed positions at the card table with the ladies, and took up cards. They were immediately arrested.

At the same time, Officer Pizzella, standing outside, heard a noise. He looked up and saw defendant jump from the second floor window, wielding a butcher knife in one hand and a purse in the other. Defendant landed some five feet from the officer. Another man, carrying a camera and a clock, followed him out the window and landed on top of defendant. The other man escaped. However, defendant suffered a broken leg and could only travel ten feet before being apprehended.

The victim was unable to identify defendant. However, Officer Pizzella testified that defendant was, in fact, the man who had jumped from the second floor window.

■ In his sole point on appeal, defendant alleges that the trial court erred in refusing to give an instruction on circumstantial evidence. It is well settled that this instruction, MAI–CR2d 3.42, is not required where there is any direct evidence of the crime. *State v. Urhahn*, 621 S.W.2d 928, 933 (Mo.App.1981); *State v. Walls*, 597 S.W.2d 868, 870 (Mo.App.1980). Direct evidence is "'evidence which if believed proves the existence of the fact in issue without inference or presumption.'" *State v. Lashly*, 583 S.W.2d 511, 516 (Mo. banc 1979), *quoting State v. Famber*, 358 Mo. 288, 214 S.W.2d 40, 43 (1948). In the present case, the victim's apartment occupied the entire second floor of the building. Officer Pizzella testified that he saw defendant exit from the second floor window. This is direct evidence that defendant was in the apartment at the time of the robbery. Consequently, a circumstantial evidence instruction was not required.

Judgment affirmed.

KAROHL, P.J., and CRANDALL, J., concur.