STATE of Missouri,
Plaintiff-Respondent,

v.

Dwayne CALDWELL,
Defendant-Appellant.

No. 48380.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 25, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 5, 1985.

Debra Blue Arnold, Asst. Public Defender, St. Louis, for defendant-appellant.

John H. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SATZ, Judge.

Defendant was charged with assault in the first degree, based upon his alleged attempt to run down a police officer with a car he was driving. Defendant was convicted by a jury of assault in the second degree[1] and sentenced to three years imprisonment. Defendant appeals. We affirm.

On August 15, 1983, Defendant Dwayne Caldwell drove to the River Roads Shopping Center with a friend to play video games. Defendant was driving a red over white Buick which he knew to be stolen. He was attempting to turn off the motor of the car when he heard the siren of an approaching police car. Defendant drove out of the parking lot followed by the Jennings Police. The Jennings Police pursued defendant because they had received a call about a tampering in progress at the Center, and, upon responding to the call, they saw a security guard pointing to a red over white Buick leaving the parking lot. A high speed chase ensued which proceeded south on Riverview Boulevard into the City of St. Louis. Officers from both the Jennings and St. Louis City Police Departments joined in the pursuit.

Officer Shoemake of the Jennings Police Department, advised of the chase, proceeded to Lillian and Riverview to set up a road block. Blocking the curb lane of the two southbound lanes, Officer Shoemake activated his lights and stood at the side of his car. As defendant approached the blocked intersection, at a speed of 70–80 m.p.h., he swerved his car directly toward Officer Shoemake. Shoemake drew his service revolver and fired one shot at the front windshield of the vehicle just before the car would have struck him. The car then suddenly swerved away from Officer Shoemake, barely missing him. The car proceeded to strike the grass median and was stopped by running into several trees.

When the dust in the air cleared, Detective Brogan, one of those in pursuit, walked over to what was left of the passenger compartment of the car. Defendant, still in the car, was placed under arrest and read his Miranda rights. After stating that he was all right, defendant pointed to Detective Brogan, while looking at Officer Shoemake, and said: "You are lucky, man, I was going to run your f____g ass over."

At trial, defendant testified that he did not intentionally swerve toward Officer Shoemake as charged, but ducked under the dashboard when he saw the officer pointing a gun at him.

Defendant contends the trial court erred in allowing the state to introduce evidence that he was driving a stolen car and had

---

1. Section 565.060, RSMo Supp.1983 states:
   1. A person commits the crime of assault in the second degree if he:
   . . . .

(2) attempts to cause or knowing causes physical injury to another person by means of a deadly weapon or dangerous instrument;
. . . .

allegedly been tampering with a car. Defendant argues this evidence of other crimes was irrelevant and highly prejudicial. We disagree.

■ Evidence of another crime unrelated to the crime in issue may be irrelevant and, thus, prejudicial because this evidence may result in a conviction based on a crime with which the defendant is not charged. *See, e.g., State v. Trimble,* 638 S.W.2d 726, 732 (Mo. banc 1982), *cert. denied,* 459 U.S. 1188, 103 S.Ct. 838, 74 L.Ed.2d 1031 (1983). Exceptions have been made to this general rule. Evidence of another crime is admissible if it tends to establish intent or motive. *Id.* at 732.[2] A key issue in this inquiry is relevance balanced against prejudice. The trial court exercises its discretion to determine whether the evidence of another crime is relevant and, if relevant, whether its possible prejudice outweighs its relevance. *E.g., State v. Shaw,* 636 S.W.2d 667, 672 (Mo. banc), *cert. denied,* 459 U.S. 928, 103 S.Ct. 239, 74 L.Ed.2d 188 (1982); *State v. Ford,* 677 S.W.2d 352, 355 (Mo.App.1984).

■ In the present case, evidence of the car being stolen and of defendant's tampering with a car is relevant to establish defendant's intent to run down—assault—Officer Shoemake. Defendant almost ran down Officer Shoemake while defendant was being chased. Sensibly, the chase ensued because defendant knew the car to be stolen and because of defendant's tampering with another car. It also makes sense that defendant wanted to continue to avoid his pursuers, even if it meant running down a police officer, because of these crimes. Thus, the state quite properly showed that defendant was not a naive innocent being pursued.

Defendant next contends the trial court erred in refusing to give MAI–CR 2d 3.42,

the circumstantial evidence instruction, as requested. Defendant argues that this instruction must be given upon request and was proper in this case because the evidence of his intent was circumstantial. We disagree.

■ MAI–CR 2d 3.42 must be given if a circumstantial evidence instruction is appropriate and is requested by the defendant. *State v. Lehman,* 634 S.W.2d 542, 545 (Mo.App.1982); MAI–CR 2d 3.42, Notes on Use 1. But, MAI–CR 2d 3.42 is appropriate only when all of the evidence is circumstantial and there is no direct evidence of the defendant's guilt. *State v. Sherrill,* 657 S.W.2d 731, 738 (Mo.App.1983); *State v. Holman,* 556 S.W.2d 499, 508 (Mo.App. 1977). If the elements of the offense are established by both direct and circumstantial evidence, MAI–CR 2d 3.42 need not be given. *State v. Leonard,* 671 S.W.2d 365, 366 (Mo.App.1984); *State v. Laususe,* 588 S.W.2d 719, 721 (Mo.App.1979).

■ Defendant overlooks the direct evidence in this case. Three eyewitnesses testified that defendant swerved the car directly at Officer Shoemake. Two witnesses testified that defendant, upon being arrested, stated he was going to run over the officer. This direct evidence was sufficient for the court to reject defendant's request for a circumstantial evidence instruction. *See, e.g., Sherrill,* 657 S.W.2d at 738–39; *Laususe,* 588 S.W.2d at 721.

It does not matter that evidence of defendant's intent was circumstantial. Most often, intent must be inferred from the operative facts, *State v. King,* 588 S.W.2d 147, 149 (Mo.App.1979), and is rarely susceptible of proof by direct evidence, *State v. Gonzales,* 652 S.W.2d 719, 723 (Mo.App. 1983). To adopt defendant's position would require a trial court to give the circumstantial evidence instruction in every case

---

2. The exceptions to the rule are usually stated as:

"[E]vidence of other crimes is admissible only where it has a legitimate tendency to establish that the defendant is guilty of the immediate crime charged. Evidence thereof is admissible where it tends to establish motive, intent,

the absence of mistake or accident, a common scheme or plan embracing the commission of two or more crimes so related that proof of one tends to establish the other, or the identity of the person charged with the commission of the crime on trial."
*State v. Trimble,* 638 S.W.2d at 732.

where intent is in issue. This is not the purpose of MAI–CR 2d 3.42.

Defendant next argues the trial court erred in failing to sustain his motion for a directed verdict at the close of all the evidence. This argument has no merit.

 In determining the sufficiency of the evidence, we accept as true all evidence and reasonable inferences which are most favorable to the state and disregard evidence and inferences contrary to a finding of guilt. *State v. Sherrill*, 657 S.W.2d 731, 737 (Mo.App.1983). The record here reveals ample evidence to prove defendant attempted to cause physical injury to Officer Shoemake.

Two eyewitnesses testified that defendant swerved his speeding car directly at Shoemake. They also testified that defendant's car barely missed Shoemake and his vehicle. More important, Shoemake himself testified that defendant swerved his car directly at him and that he, Shoemake, drew his weapon only after the car was coming directly toward him at high speed. Shoemake said he fired his gun when defendant's car was about 30 feet from him. The car came within 1 to 1½ feet of Shoemake's police car and within 5 to 10 feet of Shoemake. Furthermore, defendant also stated that he "was going to run [Shoemake's] f____g ass over."

The reasonable inference from this evidence is that defendant intended to injure Shoemake by running over him and probably would have done so had it not been for Shoemake firing a shot at defendant's windshield, causing him to duck and lose control of the car. Clearly, the state made a submissible case. *See, e.g., State v. Hayes*, 572 S.W.2d 882, 885 (Mo.App.1978).

For his last point, defendant contends the trial court committed plain error in permitting rebuttal testimony from an Officer Baumer.[3] Defendant argues that Officer Baumer's testimony was improper rebuttal because it did not counteract, repel or disprove any evidence presented by defendant that was not covered in the state's case in chief. We disagree.

 The scope of rebuttal testimony rests within the broad discretion of the trial court. *E.g., State v. Crain*, 638 S.W.2d 761, 762 (Mo.App.1982); *State v. Cameron*, 604 S.W.2d 653, 658 (Mo.App.1980). After careful review of the record, we find neither an abuse of that discretion nor plain error resulting in manifest injustice. Evidence admissible in the state's case in chief and evidence admissible in rebuttal are not mutually exclusive categories. *State v. Cameron*, 604 S.W.2d at 657.

Judgment affirmed.

SMITH, P.J., and SNYDER, J., concur.

---

**3.** At trial, defense counsel objected to the testimony as improper rebuttal. However, counsel failed to include this point in his motion for a new trial, and, thus, failed to preserve the point for appeal. *See, e.g., State v. Macone*, 593 S.W.2d 619, 620 (Mo.App.1980).