STATE of Missouri, Respondent,

v.

Terry D. McINTYRE, Appellant.

No. 51914.

Missouri Court of Appeals,
Eastern District,
Division One.

June 30, 1987.

Motion for Rehearing and/or Transfer
Denied Aug. 6, 1987.

Application to Transfer Denied
Sept. 15, 1987.

Holly G. Simons, St. Louis, for appellant.

William L. Webster, Atty. Gen., Byrona J. Kincanon, Asst. Atty. Gen., Jefferson City, for respondent.

SATZ, Presiding Judge.

Defendant Terry D. McIntyre was convicted by a jury of tampering in the first degree, § 569.080, RSMo. 1986, and was sentenced as a persistent offender to ten years imprisonment. Defendant appeals. We affirm.

On November 22, 1985, defendant went to Kirkwood Mitsubishi and asked to test drive a Mitsubishi Galant. Defendant was left alone in the showroom for approximately two minutes while the salesman went to get the keys to the Galant. During this time, defendant was looking at the interior of a car on the showroom floor. This car had its keys in its ignition, and those keys were similar to the keys to the Galant.

After defendant test drove the Galant, he gave the salesman a set of Mitsubishi keys. The salesman placed the keys on a board where they were normally kept. Shortly thereafter, the salesman discovered the Galant was missing and also discovered the keys on the board were to the showroom car defendant had been looking at, not the Galant. The salesman reported the missing Galant to the Kirkwood police.

Two days later, police saw defendant driving the Galant, which was listed on a "hot sheet" of stolen cars. After chasing the car for approximately eight blocks, police stopped the car and arrested defendant. Defendant testified at trial he had borrowed the car from a friend.

Defendant makes two arguments on appeal. Neither has merit. First, defendant argues it was error to allow the introduction of evidence showing defendant may have stolen the Galant. Defendant argues the prejudicial effect of this evidence outweighed its probative value. We disagree.

■ Generally, evidence of other crimes is inadmissible unless it has some legitimate tendency to establish defendant is guilty of the crime charged. *State v. Shaw*, 636 S.W.2d 667, 672 (Mo. banc 1982). Thus, this evidence may be admissible when it tends to establish motive, intent, the absence of mistake or accident, a common scheme or plan, or identity. *State v. Trimble*, 638 S.W.2d 726, 732 (Mo. banc 1982); *State v. Caldwell*, 695 S.W.2d 484, 486 (Mo.App.1985).

■ As an element of its case, the State was required to prove defendant knew he was operating the car without the consent of the owner. The evidence linking defendant with the theft of the car tended to establish this knowledge on the part of defendant and thus was relevant. *See, e.g. State v. Remspecher*, 542 S.W.2d 24, 25 (Mo.App.1976). The key question is whether the relevancy of this evidence is outweighed by its possible prejudicial effect. *Caldwell, supra* at 484. The decision whether the potentially prejudicial effect of evidence outweighs its probative value is within the sound discretion of the trial court. *Shaw, supra* at 672. The trial court here properly exercised its discretion in admitting the evidence.

■ Defendant also argues the trial court erred in rejecting his proffered instruction on the use of prior convictions to impeach his testimony. The 3.00 series of MAI–CR2d has two instructions relating to the use of prior convictions for impeachment: 3.56 entitled "Impeachment of a Witness Other Than Defendant by Prior Of-

fenses" and 3.58 entitled "Impeachment of Defendant by Conviction of 'Unrelated Crimes' Shown Solely for the Purpose of Impeachment". Defendant requested the trial court use MAI–CR2d 3.56 to instruct the jury on the prosecutor's use of prior convictions to impeach defendant's testimony. The trial court properly refused to do so.

■ The proper instruction to be given when the defendant's testimony has been impeached with prior convictions is MAI–CR2d 3.58. MAI–CR2d 3.58 Notes on Use, note g; *State v. Williams*, 632 S.W.2d 266 (Mo.App.1982). Whenever there is an MAI–CR instruction applicable under the law to the facts, the MAI–CR instruction must be given to the exclusion of any other on the same subject. Rule 28.02(c); *State v. Morris*, 639 S.W.2d 239, 240–241 (Mo. App.1982). Defendant argues he would be prejudiced by the use of MAI–CR2d 3.58 over MAI–CR2d 3.56, because MAI–CR2d 3.58 explicitly lists the prior offenses used to impeach. This argument has been made and rejected. *Williams, supra* at 266. If the prior convictions have already been elicited on cross-examination, we do not see how defendant can be prejudiced by a reference to them in an instruction.

■ Moreover, instructions in the 3.00 series of MAI–CR2d are required to be given only if requested. Rule 28.02(a). Defendant did not request instruction MAI–CR2d 3.58. According to the prosecutor's statement on the record, the trial court offered to give MAI–CR2d 3.58 and the defendant refused this offer. The trial court agreed with the prosecutor's characterization of the events at the instruction conference. If defendant refused MAI–CR2d 3.58, the trial court was under no obligation to substitute an alternative instruction. *Williams, supra* at 266. *See also Morris, supra* at 241.

Judgment affirmed.

CRIST and KELLY, JJ., concur.