**STATE of Missouri, Respondent,**

v.

**Oscar Lee JENKINS, Appellant.**

No. 51930.

Missouri Court of Appeals,
Eastern District,
Division One.

July 7, 1987.

Motion for Rehearing and/or Transfer
Denied Aug. 6, 1987.

Application to Transfer Denied
Oct. 13, 1987.

William J. Shaw, J. Andrew Walker, Clayton, for appellant.

William L. Webster, Atty. Gen., Byrona J. Kincanon, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals his jury conviction of first degree robbery. He was sentenced to twenty years' imprisonment. We affirm.

Defendant objects to the trial court's refusal to give a circumstantial evidence instruction, specifically MAI–CR 310.02. The facts, as relevant, are that defendant was driving a van with his accomplice as a passenger. The accomplice went into a small grocery store, found several people around the sole cash register, bought donuts and left. Fifteen to thirty minutes later, the accomplice re-entered the store, found only the cashier by the front, pulled out a gun and robbed the store. The accomplice ran out to an alley behind the store and was seen jumping into a moving van that had its side door open. Shortly thereafter, the police stopped the van and found defendant driving and his accomplice hiding in the back with a gun and the stolen money. In a statement to police, defendant admitted driving his accomplice to and away from the store, but he denied knowledge of or any intent to aid the robbery.

Defendant claims it was error to refuse his requested instruction on circumstantial evidence because there was no direct evidence he had knowledge that a robbery had taken place.

Where the only evidence of defendant's guilt is circumstantial, the circumstantial evidence instruction must be given if requested by defendant. *State v. Caldwell*, 695 S.W.2d 484, 486[5] (Mo.App. 1985). There was, however, direct evidence of defendant's guilt in this case. Direct evidence, including the statement made by defendant to the police, established all of the physical actions that took place. It was shown defendant aided his accomplice by driving him to and away from the store. The only issue on which there is no direct evidence is scienter.

Barring a confession, it is unimaginable there can ever be direct evidence to prove scienter. A person's intentions must usually be proven by inferences drawn from evidence about a person's actions or, in

other words, circumstantial evidence. MAI–CR 310.02. *Caldwell*, 695 S.W.2d at 486[7].

Defendant cites cases where there was a total lack of direct evidence to prove either the physical actions that made up the elements of the crimes or scienter. *See State v. Pettijohn*, 541 S.W.2d 74 (Mo.App.1976); *State v. Regazzi*, 379 S.W.2d 575 (Mo.1964). The present case is readily distinguishable in that all of the physical acts done by defendant which can be said to have aided his accomplice were proven by direct evidence.

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.