STATE of Missouri, Respondent,

v.

Mark Daniel MOORE, Appellant.

No. 15106.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 4, 1988.

Motion for Rehearing or to Transfer to
Supreme Court Denied
Jan. 26, 1988.

Gary M. Wilson, Asst. Public Defender, Springfield, for appellant.

William L. Webster, Atty. Gen., Scott L. Templeton, Asst. Atty. Gen., Jefferson City, for respondent.

HOLSTEIN, Judge.

Defendant Mark Daniel Moore appeals his conviction of two counts of kidnapping, one count of first degree robbery, and three counts of armed criminal action. Defendant was sentenced consecutively to two terms of life imprisonment and forty

years on the armed criminal action charges. He was sentenced consecutively to fifty years on each of the two counts of kidnapping and one count of first degree robbery. The fifty-year sentences were to be served concurrently with each of the associated armed criminal action sentences.

Defendant raises two points on appeal. The first is that the trial court erred in overruling defendant's motion to suppress inculpatory statements made by him to officers after his arrest. His second point complains that the trial court erroneously admitted evidence of a crime other than that with which the defendant was charged by permitting evidence of the crime of sodomy committed against one of the victims of the kidnapping. We affirm.

The sufficiency of the evidence is not in issue. On July 10, 1985, using a ruse that he was interested in purchasing real estate, defendant lured two female real estate agents to an unoccupied, rural Greene County residence. After arriving at the house, defendant produced a gun, pointed it at the victims, and ordered them to cooperate. He informed them that he intended to take their car and if they cooperated, he wouldn't "blow your brains out." Defendant also relieved the victims of the cash in their purses.

Defendant then departed, leaving one of the victims tied up in the house, but taking the other victim with him. The two proceeded southwest on Interstate 44 into Oklahoma in the stolen car. Near Vinita, Oklahoma, defendant demanded that the victim perform oral sex on him. After she begged not to be required to do so, defendant ordered her to masturbate him, which she did. Approximately one hour later, the victim was released in Tulsa, Oklahoma.

Prior to trial, defendant filed a motion to suppress certain statements made by him shortly after his arrest. The evidence at the hearing on the motion indicated that defendant had been arrested in Minneapolis, Minnesota, at about 5:45 p.m., August 1, 1985. Approximately 30 minutes later, he was interrogated by Lieutenant Joey Winslow of the Minneapolis Police Department and Special Agent Steve Gilkerson of the Federal Bureau of Investigation. After being given his *Miranda* warning [1] but prior to the interview, defendant commented that "maybe he should have an attorney." Officer Winslow replied that he could not advise the defendant one way or the other. Defendant then said, "Okay, no games." Winslow proceeded to question defendant regarding a Minneapolis robbery in which the same *modus operandi* was used as occurred in this case. Gilkerson then began questioning defendant about the robbery and abduction in Missouri. Prior to questioning by Gilkerson, defendant was again informed of his constitutional rights, as mandated by *Miranda*. After being told that the FBI had fingerprint and witness identification evidence implicating defendant, defendant proceeded to give a detailed statement to Gilkerson. Defendant admitted all the essential details of the offenses charged here. However, he denied the sexual assault. At the time Gilkerson interviewed defendant, Gilkerson was uncertain as to whether there was fingerprint evidence. However, Gilkerson was aware that witnesses had identified defendant as the perpetrator from a photograph of defendant.

The test of voluntariness of a confession is whether, under the totality of the circumstances, the defendant was deprived of the free choice to admit, deny, or refuse to answer questions and whether physical or psychological coercion was of such a degree that the defendant's will was overborne at the time he confessed. *State v. Lytle*, 715 S.W.2d 910, 915 (Mo. banc 1986). In this case, defendant was interviewed for less than two hours. He was given his *Miranda* rights by two different officers. He was not threatened, coerced, or made to suffer any discomfort. No promises of leniency were made. The mere fact that an interrogating officer gives a defendant misleading or even false information about the status of the investigation does not render a confession invalid, unless such deception offends societal notions of fairness or is

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

likely to produce an untrustworthy confession. *State v. Molitor,* 729 S.W.2d 551, 556 (Mo.App.1987); *State v. Pugh,* 600 S.W.2d 114, 118 (Mo.App.1980). Defendant's reflective and equivocal comment that "maybe" he needed an attorney was not equivalent to a request to cut off questioning. *State v. Bailey,* 714 S.W.2d 590, 593 (Mo.App.1986). Even assuming that defendant's initial statement amounted to a request for counsel, he was not precluded from withdrawing such request and making a statement. *State v. Morris,* 719 S.W. 2d 761, 762–763 (Mo. banc 1986). Under the totality of the circumstances here, defendant was not deprived of a free choice to admit, deny, or refuse to answer, and his will was not overborne at the time he confessed. *State v. Smith,* 733 S.W.2d 791, 792–793 (Mo.App.1987).

There are two reasons why defendant's complaint about the admission of evidence of other crimes is without merit. First, evidence of other crimes is admissible to establish (1) motive, (2) intent, (3) absence of mistake, (4) common scheme or plan embracing the commission of two or more crimes so related that proof of one tends to establish the other, or (5) identity. *State v. Mallett,* 732 S.W.2d 527, 534 (Mo. banc 1987), *cert. denied* — U.S. —, 108 S.Ct. 309, 98 L.Ed.2d 267 (1987). Here, the sexual assault tended to establish defendant's motive and plan in carrying out the kidnapping and robbery. See *State v. Kenley,* 693 S.W.2d 79, 81 (Mo. banc 1985), *cert. denied* 475 U.S. 1098, 106 S.Ct. 1500, 89 L.Ed.2d 900 (1986). In addition, the evidence of the sexual assault was not introduced until redirect examination of the victim. On cross-examination, the victim had been questioned regarding certain inconsistencies in a statement she gave to officers in Tulsa shortly after her release by defendant. The statements were made to the officers less than an hour after the sexual assault. The State was attempting to show that the reasons for any inconsistencies were related to the emotional distress from which the victim was suffering at the time the statement was given. On redirect examination, it is appropriate to examine a witness on any matter which

tends to refute, weaken, or remove an unfavorable inference which results from cross-examination, even though the facts elicited might be otherwise inadmissible. *State v. Lingar,* 726 S.W.2d 728, 734 (Mo. banc 1987).

The judgment of the trial court is affirmed.

CROW, C.J., and GREENE, P.J., concur.