**STATE of Missouri, Respondent,**

v.

**James Curtis GARNER, Appellant.**

**No. 56529.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 27, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 3, 1991.

N. Scott Rosenblum, Clayton, Stephen H. Gilmore, P.C., Lawrence J. Lee, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, James Curtis Garner, appeals from his jury convictions of assault in the second degree, assault in the third degree and armed criminal action. The jury sentenced appellant to prison terms of seven years, one year and three years, respectively, for these crimes. In addition, the court determined that the prison sentences should run consecutively and assessed a $1,000.00 fine for assault in the second degree and a $1,000.00 fine for assault in the third degree. Since appellant challenges the sufficiency of the evidence to sustain his convictions, among other allegations of trial error, we will review the egre-

gious facts, accepting as true all evidence and reasonable inferences which are favorable to the State and disregarding the evidence and inferences contrary to the guilty verdicts. *State v. Caldwell*, 695 S.W.2d 484, 487 (Mo.App., E.D.1985).

During the evening hours of June 26, 1988, LeRoy Noland and his son, Carl Noland, were returning to their Illinois home in Carl's pickup truck. LeRoy Noland was driving the truck east on Highway 70 in the City of St. Louis at approximately 7:30 p.m. when appellant pulled abruptly in front of the Nolands' truck, cutting them off. Appellant then "flipped the bird" to LeRoy Noland who returned the courtesy. Both appellant and LeRoy Noland pulled off the highway and onto the emergency lane. Appellant's car was approximately the equivalent of one and one-half blocks behind the Nolands' truck.

Both LeRoy Noland and appellant got out of their vehicles and approached one another, talking or arguing with each other. Carl Noland testified that he noticed appellant open his trunk and retrieve an ax handle which he brandished for both of the Nolands' benefit. Carl then got out of the truck and joined his father on the side of the highway behind their pickup truck.

At this point, appellant decided to leave. He threw the ax handle inside his car and slowly drove toward the Nolands in the emergency lane. The Nolands, believing that the showdown was over, turned and began walking to their pickup truck. Carl Noland was walking to his father's left side, closest to the right lane of Highway 70.

No less than four people, who were in three vehicles proceeding eastbound on Highway 70 at this precise moment, witnessed the events which followed. Appellant, instead of merging onto the highway, accelerated to a speed of approximately 40 to 50 miles per hour, heading straight at the Nolands. The witnesses testified that appellant could have merged onto the highway at this point since the lane nearest the

emergency lane was clear. Appellant continued to drive toward the Nolands.

Just as appellant's car reached them, the Nolands turned toward appellant's car. LeRoy Noland was able to jump out of the way of appellant's car but Carl was not so lucky. Carl, according to the witnesses, put up his arms just before appellant's car struck him. The impact flipped Carl Noland into the air and he landed on the hood of appellant's automobile. Carl then was propelled into appellant's windshield and onto the top of his car. Appellant's actions caused Carl to endure two broken shins, a broken hip, broken arm and broken back.

After hitting Carl, appellant merged onto Highway 70, suddenly decelerated, throwing Carl onto the middle lane of the highway and proceeded to drive past a highway entrance lane before slowly creeping back into the emergency lane. Demetrius Johnson, a witness to the events, pulled his vehicle in front of appellant's car to make sure appellant did not leave the scene. There was no evidence nor any inference suggesting that appellant had attempted or contemplated driving away.

Based on the above, appellant was convicted of second degree assault for striking Carl, third degree assault for driving towards LeRoy and armed criminal action. We will now address each of appellant's four points in seriatim.

■ Appellant first claims error in the trial court's refusal to give the jury MAI–CR3d 310.02, the circumstantial evidence instruction.[1] The gist of appellant's poorly reasoned argument is that since none of the witnesses were able to observe appellant's actions or facial expressions during the incident, the evidence of appellant's reckless intent was all circumstantial.

■ The circumstantial evidence instruction must be submitted if it is appropriate to the facts of the case and if it is requested by the defendant. *Caldwell*, 695 S.W.2d at 486. However, to be appropriate, *all* of the evidence must be circumstantial; no

---

1. We note that appellant did not include the text of his proffered instructions within the argument portion of his brief as required by Rule

30.06(e). Our review of appellant's first three points is, therefore, gratuitous.

direct evidence of the defendant's guilt may be present. *Id.* Direct evidence of appellant's guilt abounds in the case at bar.

Four eyewitnesses to appellant's actions testified that appellant drove toward Carl and LeRoy and did not attempt to merge until after striking Carl. All four witnesses detailed the actual impact. Appellant's claim that, since the element of his intent was not directly proven, the circumstantial evidence instruction was required, is wholly without merit. The intent of a defendant is most often proven by circumstantial evidence since it is rarely susceptible of proof by direct evidence. *State v. Gonzales,* 652 S.W.2d 719, 723 (Mo.App., W.D.1983).

In *Caldwell,* the defendant made the exact same argument as the present appellant now advances. The only element of the crime which the defendant in *Caldwell* claimed was circumstantially proved was his intent to commit the assault. *Caldwell,* 695 S.W.2d at 486. In addressing this claim, we stated that if we would adopt defendant's reasoning, we would be requiring a trial court to submit the circumstantial evidence instruction in every case in which intent was at issue. *Id.* at 486–87. As we did in *Caldwell,* we refuse to adopt appellant's argument in this case. Point denied.

Appellant next argues that the trial court erred in refusing to submit his proffered "excusable assault" instruction. Missouri Revised Statutes § 563.070 (1986) provides that conduct which would constitute a crime under RSMo Chapter 565 "is excusable and not criminal when it is the result of accident in any lawful act by lawful means without knowingly causing or attempting to cause physical injury and without acting with criminal negligence." Appellant argues, we believe, that since he claimed at trial that he was trying to merge with traffic and that his striking Carl Noland was an accident, this instruction should have been given. We disagree.

The defense of excuse is ordinarily not applicable to the crime of assault since, as pointed out by the Missouri Supreme Court in *State v. Bates,* "evidence of accident refutes the essential elements as set out in the verdict director and a specific [accident] instruction is not necessary." *State v. Bates,* 751 S.W.2d 758, 759 (Mo. banc 1988). Moreover, the instruction submitted by appellant defined excusable assault as "the attempt to injure by accident or misfortune." This definition does not follow RSMo § 563.070's definition of excuse. Any instruction, if required at all, must correctly state the law. *State v. Davis,* 675 S.W.2d 410, 416 (Mo.App., W.D. 1984). There was no error in the court's failure to submit appellant's excuse instruction.

Appellant's third claim of error is the failure of the trial court to submit third degree assault as a lesser included offense to the assault charge regarding Carl Noland. The court submitted second degree assault as a lesser included offense of first degree assault which had been charged by indictment, but refused appellant's proffered third degree assault instruction.

A court is required to submit a lesser included offense instruction if the evidence arguably shows a lack of an essential element of the greater offense, thus affording a basis for conviction of the lesser. *State v. Dorsey,* 724 S.W.2d 610, 611 (Mo.App., E.D.1986). In our case, appellant argues that the element of this intent is missing. Appellant's argument, however, overlooks the manner in which third degree assault has been interpreted.

Generally, the use of a deadly weapon precludes a conviction for assault in the third degree. *State v. Manning,* 664 S.W.2d 605, 608 (Mo.App., E.D.1984). A car is a deadly weapon in our situation. *State v. Garner,* 360 Mo. 50, 226 S.W.2d 604, 607 (1950). Moreover, the three degrees of assault also vary in regards to the severity of the injury intended or inflicted. *Manning,* 664 S.W.2d at 608. There is no disputing, in our case, the fact that Carl was seriously injured, rendering third degree assault inapplicable. Carl Noland suffered two broken shins, as well as a broken hip, arm and back.

In *Manning*, the defendant was charged with first degree assault in the shooting of his wife and the court submitted second degree assault as a lesser offense. The defendant in *Manning* was convicted of second degree assault and argued on appeal that third degree assault should have been submitted also since he had testified that he did not intend to shoot his wife. We held that since he used a deadly weapon, his conviction was either first or second degree assault, depending on the severity of the injury caused or attempted, and there was no evidentiary support for the submission of assault in the third degree. We went on to note that the jury could still choose to believe or disbelieve his testimony regarding his intent.

In our case, appellant points to his own testimony regarding intent, or lack thereof, without also noting that we have characterized third degree assault as conduct resulting in non-serious physical injury. *State v. Johnson*, 770 S.W.2d 263, 266 (Mo.App., W.D.1989). Since appellant engaged in conduct with a deadly weapon which inflicted serious physical injury, the submission of third degree assault was not warranted by the evidence.

Appellant last argues that there was insufficient evidence with which to convict him. Specifically, appellant once again claims that there was insufficient evidence to prove his requisite intent. The court's instructions correctly defined reckless conduct as follows:

> A person acts recklessly as to causing serious physical injury if he consciously disregards a substantial and unjustifiable risk that his conduct will result in serious physical injury and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation.

As we eluded to previously, the evidence which would prove that appellant "consciously" disregarded the risks would likely not be direct, lest appellant announce in advance his state of mind before impact. There existed substantial, a fortiori sufficient, circumstantial evidence that appellant was conscious that he was racing down the emergency lane directly toward the two gentlemen he had been talking to just moments before. The witnesses' testimony that they saw him accelerate but never attempt to merge, even though the lane was clear, was more than sufficient evidence of reckless conduct. Point denied.

Appellant's convictions and sentences are affirmed.

CRIST and PUDLOWSKI, JJ., concur.