**STATE of Missouri, Plaintiff/Respondent,**

v.

**Donald L. DUNN, Defendant/Appellant.**

No. 62462.

Missouri Court of Appeals, Eastern District, Southern Division.

March 30, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 3, 1993.

Mary J. Lake, Hillsboro, for defendant/appellant.

Paul W. Hahn, Pros. Atty., Bolliger County, Marble Hill, for plaintiff/respondent.

GRIMM, Judge.

A jury found defendant guilty of third degree assault, a misdemeanor. Defendant's sole point on appeal alleges the trial court erred in giving the third degree assault instruction as a lesser included offense of first degree assault. We disagree and affirm.

Defendant does not contest the sufficiency of the evidence. The jury could believe that on October 20, 1991, in an attempt to cause his vehicle to collide with victim's, defendant swerved toward victim's vehicle. The two vehicles, however, did not collide, and victim was not injured.

The State charged defendant with first degree assault, in violation of § 565.050, RSMo 1986. At the State's request, the trial court submitted jury instructions on both first and third degree assault. The instructions were patterned after MAI–CR 3d 319.08 and 319.16.

On appeal, defendant contends that "an automobile is a deadly weapon under Missouri law and the use of same in any assault precludes submitting a charge of third degree assault to the jury."

■ We do not agree that an automobile is a "deadly weapon" as that term is used in The Criminal Code of Missouri. Since the Code's adoption, "deadly weapon means any firearm, loaded or unloaded, or any weapon from which a shot, readily capable of producing death or serious physical injury may be discharged, or a switchblade knife, dagger, billy, blackjack or metal knuckles." Sections 556.061(10), RSMo 1986, and 556.061(10), RSMo Cum Supp. 1992. As is apparent, an automobile does not fall within any of the categories of a "deadly weapon."

In support of his contention, defendant relies on *State v. Garner*, 800 S.W.2d 785 (Mo.App.E.D.1990). There, this court said, "A car is a deadly weapon in our situa-

tion." *Id.* at 788. In support, this court cited an earlier case with the same name, *State v. Garner*, 360 Mo. 50, 226 S.W.2d 604, 607 (1950). However, in the 1950 *Garner* case, the court was not bound by a statutory definition of that term, much less the present statutory definition. Therefore, the 1990 *Garner* court's reliance on the 1950 *Garner* case was misplaced.

Under The Criminal Code, which became effective January 1, 1979, an automobile is not a deadly weapon. Rather, it may be a "dangerous instrument," depending upon the circumstance under which it is used. See § 556.061(9), RSMo Cum Supp. 1992.

A trial court is not precluded from submitting a third degree assault instruction to a jury when an automobile is the means by which the attempt was made. *See State v. Yardley*, 628 S.W.2d 703 (Mo.App.S.D. 1982).

The judgment of the trial court is affirmed.

CARL R. GAERTNER, P.J., and CRAHAN, J., concur.