**STATE of Missouri,
Plaintiff-Respondent,**

v.

**William Robert CAVITT,
Defendant-Appellant.**

**No. 49990.**

Missouri Court of Appeals,
Eastern District,
Division Seven.

Dec. 31, 1985.

Edward Delworth, Overland, for defendant-appellant.

Alexander J. Devouton, St. Charles, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant was charged with unlawful use of a weapon in violation of § 571.030.-1(4) RSMo Supp.1984. The court submitted instructions for this charge and instructions for the offense of assault in the third degree, § 565.070.1(3) RSMo 1978. A jury found defendant not guilty of the charged crime and guilty of assault in the third degree. In accordance with the jury's verdict, he was sentenced to ten days confinement in the county jail and a fine of $300. Defendant appeals. We reverse.

The decisive issue on appeal is whether the trial court erred in submitting the question of assault in the third degree as a lesser included offense of unlawful use of a weapon. The issue was preserved in defendant's motion for new trial on the basis that assault in the third degree is not a lesser included offense of the charged crime.

A court may not instruct on an offense not specifically charged in the information or indictment unless it is a lesser included offense. *State v. Smith*, 592 S.W.2d 165 (Mo. banc 1979). Due process requires that a defendant may not be convicted of an offense not charged in the information or indictment. *Id.* To determine whether an offense is a lesser included offense we apply the test enunciated in *State v. Amsden*, 299 S.W.2d 498, 504 (Mo. 1957), and examined and upheld in *Smith*, 502 S.W.2d at 166.

If the greater of two offenses includes all the legal and factual elements of the lesser, the greater includes the lesser; but if the lesser offense requires the inclusion of some necessary element not so included in the greater offense, the lesser is not necessarily included in the greater.

Under these principles, we find assault in the third degree not a lesser included offense of unlawful use of a weapon.

The principle charge in the instant case provides that "[a] person commits the crime of unlawful use of weapons if he knowingly ... [e]xhibits, in the presence of one of more persons, any weapon readily capable of lethal use in an angry or threatening manner." § 571.030.1(4) RSMo Supp.1984. The trial court submitted an instruction for the offense of assault in the third degree which provides that "[a] person commits the crime of assault in the third degree if ... [h]e purposely places another person in apprehension of immediate physical injury." § 565.070.1(3) RSMo 1978. The obvious element under the "lesser" offense which is not included in the "greater" offense is the element of assault: placing another person in apprehension of immediate physical injury. Stated affirmatively, exhibiting a weapon in an angry or threatening manner is a crime that may be proven without regard to placing another person in apprehension of immediate physical injury.

We find the defendant was not convicted of the offense with which he was charged, nor was the offense of which he was convicted a lesser included offense of the one charged. As a matter of law, submission of the assault charge was error.

The judgment is reversed.

CRANDALL, J., and HAROLD L. LOWENSTEIN, Special Judge, concur.