STATE of Missouri, Respondent,

v.

Gary NISWONGER, Appellant.

No. 50887.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 18, 1986.

Motion for Rehearing and/or Transfer
Denied Dec. 16, 1986.

Application to Transfer Denied
Jan. 13, 1987.

Bradford Kessler, St. Louis, for appellant.

William L. Webster, Atty. Gen., Carrie Francke, John Munson Morris, Asst. Attys. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from a jury conviction of attempted escape from confinement. Defendant was sentenced by the court to a term of five years' imprisonment, to be served consecutively to a pre-existing twenty-year sentence. We affirm.

The sufficiency of the evidence is not challenged. Following his sentencing to fifteen years' imprisonment on three counts of robbery, defendant was being led back to the holding area in the St. Louis County Courthouse. As they passed a fire exit, which appears to have been the last access to the street level between defendant and the holding area, defendant began to hyperventilate. He then struck out at the escorting corrections officer with a weapon consisting of a bar of soap placed inside a pair of socks, one of which had been stuffed inside the other. The officer tackled defendant and held him until help arrived and defendant was secured.

Defendant testified he was angry and frustrated due to his sentencing, the prospect of receiving a longer sentence in a cause proceeding in the City of St. Louis, a

possible divorce, and also due to the effects of some pain medication. He had forgotten about "soap and sock" arrangement, which he carried for self-protection in jail, until he was being transported to court. He did not turn it in at that point of time for fear of a contraband charge. While going back to the holding area after sentencing, he got so frustrated he hyperventilated and just swung and unfortunately hit a corrections officer. He denied any intent to escape.

Defendant asserts the court erred in refusing to submit instructions to the jury on third degree assault, claiming third degree assault was a lesser included offense of attempted escape. We disagree. One offense is a lesser included offense of another if the greater offense includes all the legal and factual elements of the lesser. If there is an element of the "lesser" offense not present in the "greater," the "lesser" is not included in the "greater." *State v. Cavitt,* 703 S.W.2d 92, 93 (Mo.App. 1985). Attention is focused upon the statutory elements of each offense, rather than the evidence presented in the individual case. *State v. Gobble,* 675 S.W.2d 944, 948 (Mo.App.1984).

As relevant herein, assault in the third degree requires an attempt to cause, or reckless infliction of, physical injuries to another person, or knowingly causing physical contact with another person, knowing that person would regard that contact as offensive or provocative. §§ 565.070.1(1), (5), RSMo (1978). The elements of attempted escape are a person, in confinement, with the intent to escape, committing an act which is a substantial step towards an escape. §§ 564.011, 575.210, RSMo (1978). The elements of attempted escape do not include either the reckless infliction of or an attempt to cause physical injury to another person, or provocative or offensive physical contact with another person. Therefore, assault in the third degree is not a lesser included offense of attempted escape. *State v. Kirkland,* 684 S.W.2d 402, 406 (Mo.App. 1984); *Gobble,* 675 S.W.2d at 949.

Defendant also challenges the court's refusal to give a circumstantial evidence instruction. This instruction is only required when the evidence is wholly circumstantial; if there is direct evidence, this instruction need not be given. *State v. Caldwell,* 695 S.W.2d 484, 486[5, 6] (Mo. App.1985). Here, the testimony of the corrections officer was direct evidence in the case. Therefore, there was no need to give this instruction, even though the evidence of defendant's intent was circumstantial. *Id.* at [7].

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.