**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Sylvester EARVIN,
Defendant–Appellant.**

No. 52971.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 12, 1988.

Daniel J. Bruntrager, Pros. Atty., St. Louis, for plaintiff-respondent.

David J. Ferman, Public Defender, St. Louis, for defendant-appellant.

SIMON, Presiding Judge.

Defendant, Sylvester Earvin, was convicted by a jury of assault in the third degree, § 565.070 RSMo (1986) and sentenced to six months in prison.

On appeal, defendant contends that the trial court erred in: (1) allowing the state to introduce instances of alleged misconduct and prior bad acts by defendant against the victim, Regina Earvin; (2) admitting testimony of Ms. Earvin that she had come to court under armed police escort because she was afraid of defendant; (3) allowing the prosecutor to comment, in closing argument, that defendant could have brought in certain children in the home of Mrs. Earvin on the night of the alleged assault to testify in his defense; and, (4) refusing to grant a mistrial when the prosecutor stated in closing argument that Mrs. Earvin was a battered woman. We reverse and remand.

Viewing the facts and reasonable inferences therefrom in a light most favorable to the state the evidence adduced at trial showed the following. On May 5, 1986, defendant went to the home of his ex-wife, Regina Earvin. She testified that at approximately 10:15 p.m. she heard a noise outside on her porch, and as she went to close the front door, defendant stepped into her house. There were two children in the house at the time, the son of defendant and Ms. Earvin and Ms. Earvin's nephew. Ms. Earvin asked defendant to leave several times but he refused. He wanted to discuss his visitation rights. An altercation ensued on the porch and she testified that defendant kicked her in the stomach and knocked her against a stone pillar on the porch.

Ms. Earvin testified at trial that she had had similar problems with defendant in the past, that he had threatened her life, and threatened to take their son, of whom she had custody, away from her. She also testified that defendant had, on a prior occasion, "pulled a pistol" on her.

Defendant's case consisted of testimony by Patricia Watson. She testified that on the night of the assault she was with defendant and, therefore, he could not have assaulted Ms. Earvin. She testified that defendant had picked her up from work, took her to Red Lobster for dinner and then to a Motel 6 where they "watched T.V. and had sex." She testified that they arrived at the motel around 6:00 p.m. and left at 5:30 a.m.

In his first point, defendant argues that the evidence of prior bad acts or crimes should not have been admitted. The general rule for admission of evidence of other crimes or bad acts of a defendant is stated in *State v. Reese*, 364 Mo. 1221, 274 S.W.2d 304 (banc 1954). In *Reese*, the court held:

"Generally speaking, evidence of other crimes is competent to prove the specific crime charged when it tends to establish (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other; (5) the identity of the person charged with the commission of the crime on trial." The test of whether evidence of other distinct crimes falls within any of these exceptions has been aptly stated as follows: "The acid test is its logical relevancy to the particular excepted purpose or purposes for which it is sought to be introduced. If it is logically pertinent in that it reasonably tends to prove a material fact in issue, it is not to be rejected merely because it incidentally proves the defendant guilty of another crime. But the dangerous tendency and misleading probative force of this class of evidence require that its admission should be subjected by the courts to rigid scrutiny. Whether the requisite de-

gree of relevancy exists is a judicial question to be resolved in the light of the consideration that the inevitable tendency of such evidence is to raise a legally spurious presumption of guilt in the minds of the jurors. Hence, if the court does not clearly perceive the connection between the extraneous criminal transaction and the crime charged, that is, its logical relevancy, the accused should be given the benefit of the doubt, and the evidence should be rejected."

*Id.* 274 S.W.2d at 307 (citations omitted).

The state argues that the testimony of Ms. Earvin as to defendant's prior bad acts assist in establishing defendant's intent to commit assault and shows the absence of mistake or accident and was, therefore, relevant.

Defendant argues that the evidence of his prior assaults and bad acts against Ms. Earvin were improperly admitted because absence of mistake or accident and intent were not material facts in issue. Defendant argues that because he claimed the defense of alibi at trial, these issues were not material; "either the jurors believed [defendant] was present at [Ms. Earvin's] apartment the night of the incident, or they did not."

Although defendant's argument has some initial appeal, we conclude, upon closer examination, that it is without merit. By its verdict, it is obvious that the jury believed that defendant was present at Ms. Earvin's apartment the night of the assault. However, the state was bound to prove more than mere presence in order to make its case.

The gravamen of assault is the ... *intentional* offer of bodily injury to another under such circumstances as to create a well-founded fear of imminent peril, coupled with the apparent present ability to carry out the attempt.... *State v. Boyd,* 559 S.W.2d 59, 60 (Mo. App.1977). It is an act of force against another person with the *intent* to injure. *State v. Guyton,* 635 S.W.2d 353, 358 (Mo. App.1982) (emphasis added).

The information in the instant case charged that "the defendant attempted to cause physical injury to Regina Earvin by kicking her and pushing her into a stone pillar." Instruction No. 5 charged the jury:

If you find and believe from the evidence beyond a reasonable doubt: That on May 5, 1986, in the City of St. Louis, State of Missouri, the defendant attempted to cause physical injury to Regina Earvin by kicking her into a stone pillar, then you will find the defendant guilty of assault in the third degree.

The information and instruction tracked § 565.070.1(1). The Comments to § 565.070 state that this subsection covers *"purposely and knowingly* inflicting physical injury. It also provides for the same penalty for the attempt as for the completed offense." 40A V.A.M.S. § 565.070, p. 581 (1979).

It is clear from the foregoing that defendant's intent is an element that had to be proven by the state before defendant could be convicted of assault third degree. It is beyond dispute that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every element necessary to constitute the crime with which the accused is charged. *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368, 375 (1970). Therefore, because defendant's intent must be proved beyond reasonable doubt, the trial court properly admitted the complained of evidence as it was relevant to establish defendant's intent.

Nevertheless, defendant argues that the evidence was inadmissible because its probative value was outweighed by its prejudice. *State v. Reese,* 364 Mo. 1221, 274 S.W.2d 304 (banc 1954). In balancing the two factors it is important to consider that "[a]ny incriminating evidence is by definition prejudicial. Relevance is the touchstone of due process, and beyond that the decision whether potentially prejudicial or inflammatory evidence should be admitted lies within the sound discretion of the trial court, which is in a better position to balance the probative value and danger of the evidence." *State v. Shaw,* 636 S.W.2d 667, 672 (Mo. banc 1982) (citations omitted). Here, we cannot say that the trial court

abused its discretion in admitting the evidence. Point denied.

■ In his second point, defendant contends that the trial court erred in permitting Ms. Earvin to testify that she came to court under armed police escort. Defendant argues that this testimony is irrelevant to any material issue in the case and is prejudicial.

The state argues that this testimony, elicited on redirect examination of the victim, was brought out in an attempt to refute any inference made on cross-examination to the effect that Ms. Earvin was vindictive or angry at defendant. The state points to the following exchange between defense counsel and the victim on cross-examination as having "opened the door" to the question concerning how she got to the courthouse on the day of trial.

(defense counsel) Q Now, in your divorce would it be safe to say that you parted on less than good terms?

(victim) A You could say that.

Q In fact, would it be fair to say you had bad blood between you?

A No, I can't say that.

Q But, you parted on less than good terms?

A I would say we—I had no bad feelings.

Q You had no bad feelings whatsoever?

A No.

Q You're not angry at Sylvester over the divorce?

A No.

Q In your divorce Sylvester was granted visitation rights by the Court, wasn't he?

A Yes.

Q Isn't it true that you were keeping Sylvester from seeing his son?

A That is not true.

On redirect, counsel for the state made the following inquiry, in what the state claims was an attempt to refute any inference made on cross-examination that Ms. Earvin was vindictive or angry at defendant.

Prosecutor: Regina, how did you get down to the court house today?

Victim: With a armed police escort.

The state argues that this testimony shows that Ms. Earvin feared defendant rather than having any feelings of anger and vindictiveness as allegedly brought out on cross-examination.

The problem with the state's argument is that Ms. Earvin did not testify that she was vindictive or angry about the divorce. Indeed, her testimony is to the contrary. The testimony elicited on redirect examination was simply irrelevant to any material issue in the case. It did not refute testimony elicited on cross-examination. The "armed police escort" testimony was clearly prejudicial and had no probative value. Since it is error to admit evidence of an inflammatory nature if it does not reasonably tend to prove or disprove a disputed fact in issue, *State v. Pearson*, 270 S.W. 347 (Mo. 1925), we conclude that the defendant's conviction must be reversed and the cause remanded for new trial.

In his third point, defendant claims that the trial court erred in overruling his objection to the prosecutor's comments, made during closing argument, that defendant could have brought the children present on the night of the offense into court to testify for the defense.

During the state's rebuttal closing argument, the following occurred:

Prosecutor: Ladies and Gentlemen, of the jury, Mr. Ferman talked about why didn't we bring forth these people that could have been there like the children. I'm going to ask you why didn't he bring—

Defense Counsel: —I object. He's shifting the burden—

The Court: —Let me hear what he's about to say.

Prosecutor: Why didn't the defendant bring forth any hotel records or anyone that worked at the hotel that he says he was there that night—

Defense Counsel: —Objection.

The Court: Overruled.

Prosecutor: And, we have—it's her testimony. It would be easy for him to

bring in any kind of a hotel record or any kind of evidence that he wants. Now, when he talks about why didn't we bring in such and such evidence in support, ask him to go back and ask why he didn't bring that evidence forth. Remember when he talked he—

Defense Counsel: —Hold on. I object to that. He's shifting the burden.

The Court: —Okay. The objection is overruled.

Prosecutor: Remember when he tells you why didn't we call this person or that person, remember that defense counsel has a right to subpoena people also. He could have called those people in also.

As is apparent, the prosecutor never mentioned defendant's failure to call the children present on the night of the incident as witnesses. Thus, there is no error in that respect. We do not anticipate a recurrence on retrial and counsel are directed to *State v. Clark*, 711 S.W.2d 928, 932–33 (Mo.App.1986) for guidance.

■ In his final point, defendant asserts that the trial court erred in failing to declare a mistrial after the prosecutor, in closing argument, implied that Ms. Earvin was a battered woman. Defendant argues that such implication was improper, prejudicial and inflammatory in that the statement was not based on evidence adduced at trial.

During the state's closing argument the following transpired:

Prosecutor: Now, Ms. Earvin bared her soul and came forward and stuck through this thing. We didn't find out about her the day of this trial or anything. She came here and bared her soul and I'm going to ask all of you to please keep in mind that you are her only defense. I'm quite sure you hear about it often in the news about other battered women—

Defense Counsel: —Objection to that. That's absolutely irrelevant.

The Court: I'll sustain that, Mr. Bruntrager.

Defense Counsel: Judge, I ask that that be struck from the record.

The Court: Disregard the argument about other battered women, please.

Defense Counsel: Judge, may we approach the bench?

(Thereupon, proceedings were held at the bench, out of the hearing of the jury.)

\* \* \* \* \* \*

Defense Counsel: Judge, I'm going to ask for a mistrial again. He's commenting about a battered woman out there and that's—

The Court: —Overruled and denied. Proceed.

We are mindful that the declaration of a mistrial rests soundly in the discretion of the trial court because, by virtue of having had the opportunity to observe the incident precipitating the request for mistrial, the trial court is in a better position than an appellate court to determine the prejudicial effect, if any, that the incident had on the jury. *State v. Anderson*, 698 S.W.2d 849, 852–53 (Mo. banc 1985). We also bear in mind that the declaration of a mistrial is a drastic remedy to be employed only in the most extraordinary of circumstances. *State v. Gilmore*, 681 S.W.2d 934, 943 (Mo. banc 1984). "Ordinarily, the courts admonition to the jury to disregard improper argument will be deemed to cure its prejudicial effect, unless the prosecutor, thereafter, fails to abandon the improper argument." *State v. Cannady*, 660 S.W.2d 33, 40 (Mo.App.1983).

Here, the jury was admonished to disregard the reference to battered women at defendant's request. The prosecutor did not broach the subject again. We conclude that the trial court did not abuse its discretion in refusing to declare a mistrial. In any event, the parties are aware of the impropriety of arguing facts not in evidence and it should not recur on retrial.

Reversed and remanded.

CRANDALL and GRIMM, JJ., concur.