STATE of Missouri, Plaintiff/Respondent,

v.

Michael SHIPLEY, Defendant/Appellant.

Michael SHIPLEY, Movant/Appellant,

v.

STATE of Missouri,
Respondent/Respondent.

Nos. 65605, 68126.

Missouri Court of Appeals,
Eastern District,
Division One.

April 9, 1996.

Dave Hemingway, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Mary Moulton Bryan, Asst. Atty. Gen., Jefferson City, for respondent.

---

* All statutory references are to RSMo 1994.

GRIMM, Judge.

A jury found defendant guilty of stealing by deceit, § 570.030.* The trial court, finding defendant to be a prior and persistent offender, sentenced him to eighteen years. He appeals that judgment and the denial of his Rule 29.15 motion.

Defendant's first point requires us to reverse. The trial court erred in submitting stealing by deceit as a lesser included offense of first degree robbery. His second point concerns his Rule 29.15 motion and is therefore moot.

## I. Background

Defendant told three men he would sell a motorcycle for $2,600. The three men went to get the money. They put $1,300 in one envelope and the other $1,300 in another envelope. Two of the men each carried one envelope. They did this so "if something happened [they] would only lose half the money."

After getting the money, the three men and defendant went to get the motorcycle. When they arrived where the motorcycle was supposed to be located, defendant asked one of the men if he had the money. When he affirmatively answered, defendant lifted his shirt. He appeared to have a gun tucked in his pants. The one man then handed defendant the envelope which contained $1,300. Defendant then drove off.

The three men did not contact the police. Rather, they went to defendant's nephew's house, where defendant was supposedly staying. They wanted to see if he would change his mind and give back the money. Defendant was not there.

The next day they attempted to locate defendant at his work place. Defendant was not there. That evening they contacted the police.

At trial, defendant called his nephew's wife. She testified that the night of the occurrence, she and her husband were watching television. Around midnight, one of the three men came to her house. According to

her, the man said that when they were giving defendant the money, "they talked him down to only taking half and he took the half and he left and he didn't come back." The man did not say anything about being robbed.

About 18 months after the occurrence, two of the three men went to nephew's house. According to nephew's wife, she and the same man who came to her house the night of the occurrence "discussed everything that had happened as far as [defendant] taking half the money and leaving." He said they talked defendant into taking half the money and when he would come back with the motorcycle, "they would give him the rest of the money and that [defendant] had left and he never came back."

She also said she asked the man if he saw a gun. He replied that "he never did actually see a gun." The other man present during these discussions "never said anything."

The State charged defendant with first degree robbery, § 569.020. At the instruction conference, the State submitted a stealing by deceit verdict director as a lesser offense. Defense counsel made a general objection, which the trial court overruled. The trial court submitted first degree robbery and stealing by deceit as a lesser included offense. The jury found defendant guilty of stealing by deceit.

## II.   Stealing by Deceit

■ Defendant did not raise any objection to the stealing by deceit instruction in his motion for new trial. Thus, the error is not preserved. Rule 29.11(d).

■ The State contends defendant is not entitled to plain error review. It claims defense counsel "affirmatively waived any claim of error" by giving a response of "no objection." The record does not support this claim.

At the conclusion of the evidence, the trial court inquired generally about instructions. At that time, the assistant circuit attorney said, "I think we will probably be submitting—well, we will be submitting a stealing over by deceit lesser." The trial court then asked defense counsel if he had "any *stated* objection to that?" (emphasis added). De-

fense counsel said, "no." The court then adjourned until the next day.

The next day, the trial court held the instruction conference. At that time, the court asked about objections. Defense counsel made "a general objection to all of them." Thus, contrary to the State's position, defendant did not waive his right to plain error review. *See State v. Zelinger*, 873 S.W.2d 656, 660 (Mo.App.S.D.1994); *State v. Scott*, 858 S.W.2d 282, 285 (Mo.App.W.D.1993). We review plain errors affecting substantial rights when manifest injustice or a miscarriage of justice results. Rule 30.20.

■ Due process requires that a defendant may not be convicted of an offense which is not charged in the indictment or information. *State v. Smith*, 592 S.W.2d 165, 165 (Mo. banc 1979). Therefore, a trial court may not instruct on an offense not specifically charged unless it is a lesser included offense. *Id.*

■ Section 556.046.1 defines lesser included offenses. It states:

A defendant may be convicted of an offense included in an offense charged in the indictment or information. An offense is so included when

(1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

(2) It is specifically denominated by statute as a lesser degree of the offense charged; or

(3) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein.

Subsections (2) and (3) clearly do not apply to the facts of this case. Stealing by deceit is neither "specifically denominated" as a lesser degree of first degree robbery, nor "an attempt to commit" first degree robbery.

We turn to subsection (1). For stealing by deceit to be a lesser included offense, it must be established by "proof of the same or less than all the facts required" to establish first degree robbery.

Stealing by deceit requires proof of *additional* facts, not just "the same or less" facts. Those additional facts include the defendant's deceit, the defendant's statements, and the victim's reliance thereon. See MAI–CR 3d 324.02.2, stealing by deceit, and compare with MAI–CR 3d 323.02, first degree robbery. Thus, stealing by deceit is not a lesser included offense of robbery. *See, State v. Niswonger,* 721 S.W.2d 207, 208 (Mo.App. E.D.1986), citing *State v. Cavitt,* 703 S.W.2d 92, 93 (Mo.App.E.D.1985) ("If there is an element of the 'lesser' offense not present in the 'greater,' the 'lesser' is not included in the 'greater.' ").

In *State v. Gant,* 586 S.W.2d 755, 762 (Mo.App.W.D.1979), the defendant was convicted of an offense for which he was not charged. The court noted that it is "elementary law that an accused cannot be charged with one offense and convicted of another." *Id.* It had "no qualms" in holding that such a situation is "a classic example of 'manifest injustice' or 'miscarriage of justice' which falls within the perimeters of 'plain error' contemplated by [the predecessor to Rule 30.20]." *Id.*

■ In the case before us, defendant was neither convicted of the offense with which he was charged, nor of a lesser included offense. Therefore, defendant's conviction must be reversed.

Our disposition of this point makes defendant's other point moot. The trial court's judgment is reversed.

REINHARD, P.J., and KAROHL, J., concur.