STATE of Missouri, Plaintiff/Respondent,

v.

Mark A. ANDRICH, Defendant/Appellant.

No. 69470.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 15, 1997.

Law Office of Donald L. Wolff, Paul J. D'Agrosa, St. Louis, for defendant/appellant.

Robert P. McCulloch, Prosecuting Attorney, Kelly Hill, Assistant Prosecuting Attor-

ney, St. Louis County, Clayton, for plaintiff/respondent.

GRIMM, Judge.

A jury found defendant guilty of violating an adult abuse order, a Class A misdemeanor, §§ 455.050 and 455.085.* The trial court sentenced defendant to six months imprisonment. However, it suspended execution and placed defendant on two years probation.

Defendant raises four points. He contends the trial court erred in (1) overruling his objections concerning "prior bad acts," (2) denying his motion to dismiss the amended information for failure to state an offense, (3) giving a verdict directing instruction that did not contain all essential elements, and (4) denying his motion for judgment of acquittal due to insufficient evidence. We disagree and affirm.

## I. Background

We state the facts in the light most favorable to the verdict. Victim and defendant were married for eighteen years. In 1991, defendant grabbed victim, put his hands around her neck, and choked her. He then threw her against the wall and repeatedly hit her head against the wall.

Victim then ran upstairs. Defendant hit her, blocked her passage, and cut the telephone cord. She ultimately got to the car and went to the police station. A police officer observed red marks about her throat and neck. Several months later, she dropped the charges.

Victim and defendant separated in early 1993. In April 1993, she obtained an ex parte order of protection. Among other things, she complained of defendant's constant phone calls and phone harassment, defendant following her through parking lots, defendant sitting in front of her house, and his sitting behind her at public school functions, touching her.

In May, the court entered a consent full order of protection. Other orders of protection were issued in November 1993, May 1994, and June 1994. Defendant did not file

any exhibits with this court, so we are unaware of the specific wording of any order of protection.

In October 1993, victim filed for dissolution of their marriage. The decree was granted in March 1994.

On November 16, 1994, while the June 1994 full order of protection was in effect, victim attended a parent-teacher conference at their child's school. As she and a male friend were leaving, victim saw defendant outside on the sidewalk. Victim said defendant looked "angry to the point that his body was shaking, twitching."

Victim and friend walked towards victim's car. She was concerned for their safety. Defendant followed them. Victim said he was so close that, if she had stopped, "he could have tripped right over us. He was practically heel-to-toe."

They got into victim's car and started out the parking lot. Defendant got into his truck and pulled in right behind victim. When victim got to the traffic light, she had to stop. Defendant pulled his truck up so that it was touching victim's car.

Victim turned left onto Clarkson Road. Defendant also turned left. In this area, Clarkson Road has two northbound lanes. Victim pulled into the left northbound lane and drove in excess of the speed limit. Defendant did not drive in the other northbound lane. Rather, he stayed in the same lane as victim. He followed her car very closely; she said his truck was "right on top of me." Defendant "tailgated" her for 1½ to 2 miles. Ultimately, she turned left and defendant continued on.

Victim testified that while this was transpiring, she "was afraid of all the possibilities of things that could happen." She stated "I was afraid for my safety, and I was afraid for [friend's] safety.... I thought he could hit the car. I thought he could hurt us ... I was concerned for my safety and possibly my life...." She had these feelings because he

* All statutory references are to RSMo 1994.

tried to hurt her before, and she believed he "would continue to hurt [her] any chance he got."

Victim's friend said that as they were traveling on Clarkson Road, victim was upset. She was "frightened," "intimidated," and "agitated." Defendant testified that he knew that his wife was afraid of him.

## II.  Alleged Prior Bad Acts

In defendant's first point, he alleges that the trial court erred in "allowing into evidence over defendant's objection, alleged prior bad acts committed by [defendant] against the victim." He claims this evidence was too remote in time, was more prejudicial than probative, and was inflammatory. In addition, he claims it violated his constitutional rights.

We first observe that defendant filed a written motion in limine. It concerned two incidents involving alleged hang-up phone calls and a nail found in victim's tire. The trial court sustained this motion.

■  During pre-trial and at trial, defendant objected to other prior incidents. He first argues that these incidents were too remote in time to be probative. Specifically, he complains about the following evidence: (1) that he physically abused victim in 1991; (2) that he made harassing phone calls and wrote harassing letters to victim; (3) that defendant wrote "Child Ransom" on his child support checks; (4) that defendant would touch victim at their son's football games; (5) that he made threats to make her drop the charges against him; (6) that defendant would frequently follow victim in his truck; (7) and that he jumped in her car and threatened her after following her. Victim could not remember the exact dates of these incidents.

■  Defendant correctly states that criminal defendants can only be tried for the offense for which they are charged. *State v. Williams*, 652 S.W.2d 102, 110 (Mo.banc 1983). However, when evidence of prior acts tends to establish motive, intent, the absence of mistake or accident, a common scheme or plan, or identity, it is admissible. *State v. Bernard*, 849 S.W.2d 10, 13 (Mo.banc 1993). In this case, the evidence of prior abuse of victim shows defendant's intent to inflict injury on victim. Arguably, it also demonstrates the absence of mistake or accident.

■  Whether evidence is too remote to be material is largely a matter of discretion for the trial court. *State v. Thurman*, 692 S.W.2d 317, 319 (Mo.App. E.D.1985). Here, the prior acts were not so remote that we can hold, as a matter of law, they were too remote to be admissible. The trial court did not abuse its discretion by allowing such evidence.

■  Next, defendant contends that the evidence of prior bad acts was more prejudicial than probative and that it was highly inflammatory. Admission of evidence such as this "is within the trial court's discretion because the trial court is in the best position to evaluate whether the potential prejudice of relevant evidence outweighs its relevance." *State v. Patterson*, 847 S.W.2d 935, 938 (Mo. App. E.D.1993).

In adult abuse cases, a defendant's history of threatening or violent conduct involving the same victim can be especially probative. Considered in isolation, a defendant's outward conduct may be ambiguous or entirely lawful. Only by showing that history can the state establish the justifiable inference that a defendant's charged conduct was in fact intended to engender fear on the part of the victim and that defendant knew that it was likely to do so.

Defendant's hostility toward and intent to injure victim were contested issues. The trial court could find that the probative value of the evidence outweighed its prejudicial effect.

Finally, he alleges that allowing this evidence to be admitted violated his constitutional rights. However, defendant did not develop or address this claim in the argu-

ment portion of his brief. Therefore, it is considered abandoned. *State v. Khoshaba,* 878 S.W.2d 472, 475 (Mo.App. E.D.1994). Point denied.

### III. State's Information

In his second point, defendant alleges that the amended information filed by the state "failed to state a criminal offense of violation of an order of protection." He contends that it failed to contain the essential elements of an offense and failed to clearly apprise the defense of the facts constituting an offense.

■ An information is sufficient if it contains all the essential elements of an offense as set out in the statute and clearly apprises defendant of the facts comprising the charge. *State v. Keith,* 839 S.W.2d 729, 731 (Mo.App. W.D.1992). Moreover, an information which is substantially consistent with the applicable Missouri Approved Charges–Criminal is deemed sufficient. Rule 23.01(e).

The amended information reads:

The Prosecuting Attorney of the County of St. Louis, State of Missouri, charges:

COUNT 01: VIOLATION OF ADULT ABUSE ORDER–CLASS A MISDE-MEANOR

That [defendant], in violation of Sections 455.050 and 455.085 RSMo., committed the class A misdemeanor of violation of order of protection, punishable upon conviction under Sections 455.085, 558.011.1(5), and 560.016 RSMo., in that on or about Wednesday, November 16, 1994 at approximately 6:30 p.m., in the County of St. Louis, State of Missouri, [defendant], having been personally served a copy of an order of the circuit court of St. Louis County, which prohibited him from abusing, threatening to abuse, molesting, stalking or disturbing the peace of [victim] wherever she may be found, violated the abuse terms of the order in that he knowingly placed [victim] in fear of physical harm by tailgating her as she drove on Clarkson Road from Marquette High School to Baxter Road.

The applicable pattern charge is MACH–CR 32.52. That charge, in pertinent parts, states:

The (prosecuting Attorney) of the (County) of _____, State of Missouri, charge(s) that the defendant, in violation of Section (455.045) (455.050) and 455.085, RSMo, committed the class (A misdemeanor) of violation of order of protection, punishable upon conviction under Sections 455.085, 558.011, and (560.016) (560.011), RSMo, in that (on) (on or about) [date], the defendant, having been personally served a copy of an order of the Circuit Court of ____ County which prohibited him from [*Insert appropriate portion of order that pertains to abuse, stalking, child custody, or entrance upon victim's dwelling unit; such as "entering the premises at 1251 Sunset, Boonville, Missouri."*], violated it by [*Describe conduct which constitutes violation.*].

■ A comparison of the amended information with the pattern charge reflects that the amended information substantially follows MACH–CR 32.52. However, defendant contends that "tailgating does not rise to the level of 'abuse.'" We disagree.

The Adult Abuse Act defines the term "abuse." It says that the term "includes but is not limited to the occurrence of any of the following acts, attempts, or threats against a person" under an order of protection. § 455.010(1). The included occurrences are assault, battery, coercion, harassment, sexual assault, and unlawful imprisonment. § 455.010(1)(a) through (f).

The statute defines "assault" as "purposely or knowingly placing or attempting to place another in fear of physical harm." § 455.010(1)(a). Thus, when the definition of abuse is coupled with the definition of assault, under the facts of this case, the amended information followed both the statutory definitions of abuse and assault as well as MACH–CR 32.52.

The "tailgating" described the conduct which placed victim "in fear of physical

harm." § 455.010(1)(a). That term is generally recognized to mean to drive or follow too close to another vehicle for safety. Webster's Third New International Dictionary, unabridged, (1976).

The trial court did not err in overruling defendant's motion to dismiss. The amended information charged an offense of adult abuse and clearly apprised defendant of the facts surrounding the charge. Point denied.

## IV. Verdict Director

In defendant's third point, he alleges that the trial court erred in giving the verdict directing instruction. He contends the instruction "failed to state a criminal offense, failed to contain the essential elements of an offense set out in the statute, was misleading and confusing to the jury."

Defendant did not present this point in his motion for new trial. Therefore, it is not preserved for appeal. *State v. Shipley*, 920 S.W.2d 120, 122 (Mo.App. E.D.1996). We review only for plain error. *See* Rule 29.12(b).

■ Defendant claims that the verdict director did not mirror MAI–CR 3d 332.52 in one regard. Paragraph Third of the pattern instruction reads:

> Third, that (on) (on or about) [date], in the (City) (County) of _____, State of Missouri, the defendant violated *that order by [Describe conduct which constitutes violation.]* (emphasis added to clause "that order by").

Paragraph Third of the verdict directing instruction which the trial court gave states:

> Third, that on or about November 16, 1994, in the County of St. Louis, State of Missouri, the defendant violated *the abuse terms of the order* in that he knowingly placed [victim] in fear of physical harm by tailgating [victim] as she drove on Clarkson Road from Marquette High School to Baxter Road, (emphasis added).

We are unable to see how defendant was prejudiced by this minor deviation. Moreover, it appears that the instruction is more narrow than the language permitted by the pattern instruction. In the given instruction, the jury must find that the portion of the adult abuse order defendant violated was "the abuse terms of the order." Under the pattern instruction, the reference is to a broader violation of "that order" rather than a specific part of the order. Point denied.

## V. Substantial Evidence

In his final point, defendant alleges that the trial court erred in not granting defendant's "motion for judgment of acquittal" at the close of all of the evidence. He contends "insufficient evidence existed as a matter of law to allow any reasonable juror to find [defendant's] guilt beyond a reasonable [doubt]; the verdict was against the weight of the evidence."

■ This court does not weigh the evidence. Rather, we accept as true "all evidence tending to prove guilt together with all reasonable inferences that support the verdict, and all contrary evidence and inferences are ignored." *State v. Sladek*, 835 S.W.2d 308, 310 (Mo.banc 1992).

■ Here, victim's testimony, if believed, was sufficient evidence to support giving the case to the jury and to support its verdict of guilty. In addition, her testimony was supported by that of other witnesses. The trial court did not err in overruling the motion for acquittal. Point denied.

The trial court's judgment is affirmed.

CRAHAN, P.J., and HOFF, J., concur.