**STATE of Missouri, Appellant,**

v.

**David R. SCHNEIDER, Respondent.**

No. 72960.

Missouri Court of Appeals, Eastern District, Division Two.

July 14, 1998.

Leah B. Haub, St. Charles, for appellant.

David E. Woods, O'Fallon, David A. Dalton, St. Charles, for respondent.

RHODES RUSSELL, Judge.

The state appeals the trial court's dismissal of its criminal information charging defendant with felony criminal nonsupport under section 568.040 RSMo 1994.[1] The trial court dismissed the charge finding that it was based on an unenforceable administrative child support order. The state argues, first, that the administrative order is enforceable, and second, that even if the order is unenforceable, the order is not necessary to support the filing of criminal nonsupport charges against defendant. We agree with the latter argument and find it dispositive. We reverse and remand for further proceedings.

An administrative order, dated December 16, 1994, was entered against defendant stating that he "was found to be the parent of [the minor child] as a result of a previous administrative or court order." The administrative order, which was neither denominated "Judgment" nor signed by a judge, required defendant to pay $482 per month for child support for the minor child.

A year later, the St. Charles County prosecuting attorney's office received a referral from the Division of Child Support Enforcement stating that defendant had paid no

---

**1.** All statutory references hereinafter are to RSMo 1994 unless otherwise indicated.

child support and requesting enforcement of the administrative support order entered against defendant. Thereafter, defendant was charged with felony criminal nonsupport in violation of section 568.040.

The information alleged that defendant knowingly failed to pay adequate support for his minor child in six individual months within the 1995 calendar year. Defendant filed a motion to dismiss claiming that the administrative order was unconstitutional.

The trial court sustained defendant's motion, finding that the statutory scheme under which the administrative order was entered was unconstitutional. The trial court also found that the administrative order was unenforceable because it was not denominated "Judgment" and was not entered or approved by a judge. The state appeals the dismissal of its information charging defendant with felony criminal nonsupport.

Section 568.040.1 provides that "a parent commits the crime of nonsupport if such parent knowingly fails to provide, without good cause, adequate support which such parent is legally obligated to provide for his child or stepchild who is not otherwise emancipated by operation of law." If the person obligated to pay child support fails to do so in each of six individual months within any twelve-month period, it is a class D felony. Section 568.040.4.

■ An information is sufficient if it contains all the essential elements of an offense as set out in the statute and clearly apprises defendant of the facts comprising the charge. *State v. Andrich,* 943 S.W.2d 841, 845 (Mo. App.1997). Moreover, an information which is substantially consistent with the applicable Missouri Approved Charges–Criminal is deemed sufficient. Rule 23.01(e).

■ The applicable pattern charge is MACH–CR 22.08.2. A comparison of the information with the pattern charge reflects that the information substantially follows MACH–CR 22.08.2. The information charged an offense of criminal nonsupport and clearly apprised defendant of the facts surrounding the charge. The listing of the administrative order as one of the bases for prosecution on the information is irrelevant,

as it is not a necessary element of the charge. Therefore, the trial court erred in sustaining defendant's motion to dismiss.

The trial court's dismissal of the criminal charge is reversed and the cause remanded for proceedings consistent with this opinion.

CRANE, P.J., and JAMES R. DOWD, JJ., concur.