**Patrick Leroy GOFF, Movant–
Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 24340.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 28, 2002.

Motion for Rehearing and Transfer to
Supreme Court Denied March 18, 2002.

Application for Transfer Denied
April 23, 2002.

Mark A. Grothoff, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Sara L. Trower, Asst. Atty. Gen., Jefferson City, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

Patrick Leroy Goff ("Movant") appeals from the denial of his motion to vacate his sentence because of ineffective assistance of counsel brought under Rule 29.15.[1] Movant was convicted of the class D felony of possession of burglar's tools in violation of § 569.180.[2] Movant predicates his motion on two bases: first, that the class A misdemeanor offense of possession of a tool to break into a vending machine in violation of § 578.445 should have been given as a lesser included offense of the class D felony of possession of burglar's tools in violation of § 569.180 and, second, that Movant's brother should have been called as a witness by trial counsel to give exculpatory testimony. We affirm the motion court's denial of the motion.

Movant, his brother (the owner of the car), and his son (the driver) rolled their car with the headlights off close to a G & W Food Store in Buffalo, Missouri at 1:45 a.m. All three exited the car and walked up to soda machines in front of the store. One of the three returned to the car to retrieve something from the dashboard and then returned to the soda machines. One of the three noticed that they were being watched by two Buffalo police officers. The three promptly left the area of the soda machines, but were subsequently stopped and questioned by the officers. Movant and his brother were arrested after the officers discovered they had outstanding warrants. Movant's son granted permission for a search of the car. The subsequent search produced the following: three bank bags, one containing $69.95 in change; a key ring with three barrel-type keys; one tire tool; a pair of vise grips; a notebook containing pages of numbers corresponding to barrel keys and soda machines; and a master barrel lock pick. After the arrest of Movant's son, and during an inventory search, the officers discovered the following: two more spiral notebooks; two tire tools; two pipe wrenches; a claw hammer; red bolt cutters; a gray plastic tool box containing mechanics tools, wrenches, and sockets; a white canvas bag containing $301.95 in small change; $46.00 in one-dollar bills; a green canvas bag containing 82 barrel keys; and a key ring with 14 more barrel keys. When the officer touched the locking mechanism on the vending machine in front of the store, it popped open. After he pushed it closed, he recovered the three barrel keys from the dashboard of the car and found that one of the keys unlocked the soda machine. At trial, expert testimony established that barrel-type keys are primarily used for coin-operated vending machines. The notebooks identified 25 businesses at 137 different locations. Written next to each location in the notebook was a seven-digit number corresponding to the barrel key used to open the machine at that location. Additional facts are recounted as necessary during our discussion of Movant's points on appeal.

Our review is limited to whether the motion court's ruling is clearly erroneous. Rule 29.15(k); *State v. Wise*, 879 S.W.2d 494, 524 (Mo. banc 1994). The court's rulings are clearly erroneous only if, upon a review of the entire record, the appellate court is left with a definite and firm impression that a mistake has been made. *Moss v. State*, 10 S.W.3d 508, 511

---

1. All rule references are to Supreme Court Rules (2001), unless otherwise stated.

2. All references to statutes are to RSMo 2000, unless otherwise indicated.

(Mo. banc 2000). The findings of the motion court are presumed correct. *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991). To prove ineffectiveness of counsel, Movant must show that his counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney, and that Movant was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Shurn*, 866 S.W.2d 447, 468 (Mo. banc 1993). Movant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Moss*, 10 S.W.3d at 511. Reasonable trial strategy is not a ground for ineffective assistance of counsel. *Shurn*, 866 S.W.2d at 468.

■■■ As to Movant's first claim of error, that a lesser included offense instruction should have been submitted to the jury, Movant's trial attorney admitted that at the time of the trial he was unaware that there was a class A misdemeanor of possession of a tool to break into a vending machine. The motion court found that it was understandable that Movant's counsel would not know of the offense because the statute went into effect two days prior to the offense being committed. This court, however, need not address whether Movant's counsel performed adequately because the second prong of prejudice as a result of the alleged deficiencies of trial counsel is not met. If a movant fails to prove one prong, the court need not consider the other. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). A reviewing court may examine the prejudice prong before the performance prong, and may resolve it on lack of prejudice grounds alone. *Id.*

The motion court analyzed the elements of both the misdemeanor and felony and came to the conclusion that each was a separate crime. A violation of § 578.445, the misdemeanor, requires possession of a tool to open, break into, tamper or damage *a coin-operated vending machine or any other machine or device*, whereas a violation of § 569.180, the felony, requires possession of a tool, with the purpose of using the same in making an unlawful forcible entry into a *building or inhabitable structure or a room thereof.* Because one crime relates to breaking into a coin-operated vending machine and the other crime relates to breaking into a building or inhabitable structure, the motion court found that the misdemeanor was not a lesser included offense of the felony charge. The court reasoned that the misdemeanor would not have been submitted to the jury as a lesser included offense, and, therefore, trial counsel would not be ineffective for failing to make a request which has no merit. We agree with the motion court's reasoning. Under the facts presented here, the crime of breaking into a vending machine is not a lesser included offense of possession of burglar's tools.

■■■ Section 556.046.2 does not require an instruction on an included offense "unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense." A crime is a lesser included offense of a greater crime if it is established by proof of the same or less than all the facts required to establish the commission of the greater offense charged. *State v. Shipley*, 920 S.W.2d 120, 122 (Mo.App. E.D.1996). Instruction on a lesser criminal offense is not proper unless it is impossible to commit the greater without committing the lesser. *State v. Barnard*, 972 S.W.2d 462, 465 (Mo.App. W.D.1998). An accused is entitled to an instruction on any theory that the evidence tends to establish. *State v. Zumwalt*, 973 S.W.2d 504, 507 (Mo.App. S.D.1998). Any uncertainty in

the evidence should be resolved by offering an instruction on the lesser included offense. *State v. Santillan,* 948 S.W.2d 574, 577 (Mo. banc 1997).

█ Although there is significant evidence against Movant that he possessed the tools necessary to break into vending machines and that he intended to break into vending machines, there was also evidence that he possessed burglar's tools for use on something other than vending machines.[3] The amended information charged Movant with possession of tire tools, bolt cutters, large pipe wrenches, vise grips, and a master barrel-type lock pick, which were tools adapted, designed and commonly used for committing or facilitating offenses involving forcible entry into premises. There was testimony that the tire tool in the car was unusual and extremely bent sideways. The expert testimony indicated the tool was bent in such a way as to be able to use it as a pry tool to commit burglaries. Although neither party cites any cases directly on point as to whether the possession of tools to break into vending machines is a lesser offense of possession of tools to commit a burglary, the possession of tools used in a burglary (*i.e.,* bent tire irons) and tools to break into vending machines (*i.e.,* barrel keys) indicates that two separate crimes were committed, rather than one crime with a lesser included offense. Movant's argument that the evidence adduced at trial was insufficient to show that Movant had an intent to use any tools to commit an unlawful forcible entry into a building was resolved at trial and the subsequent appeal. The fact that evidence establishes the guilt of defendant of a lesser crime does not necessarily mean that the crime is a lesser included offense and must be instructed

upon. *State v. Stone,* 571 S.W.2d 486, 487 (Mo.App.1978). The failure to request a lesser included offense instruction did not prejudice Movant. Movant's first point is denied.

█ Movant's second point is that his trial counsel was ineffective in failing to call Movant's brother as an exculpatory witness. The deposition of Movant's brother indicates his trial testimony would have been that Movant knew nothing about the tools, keys, and other items the police found in the brother's car that night. Movant's brother claims he would have testified that it was his idea to break into the vending machines and that Movant knew nothing about it. Although Movant has arguably established that his brother's testimony may have aided Movant's defense, Movant has not shown that the decision not to call his brother was anything other than trial strategy by his attorney. Movant's trial counsel indicated he did not call Movant's brother because the brother's extensive history of criminal convictions, including ten felony convictions, would have hurt Movant's case. Further, trial counsel testified that in his thirty-six years of practice as a criminal defense attorney, he had never been successful when a co-defendant tried to take the blame for the other defendant. The trial court did not clearly err in its finding that it was reasonable trial strategy not to call Movant's brother as a witness on Movant's behalf. Movant's second point is also denied.

The judgment of the motion court is affirmed.

PREWITT, J., concurs.

PARRISH, J., concurs and files concurring opinion.

---

3. In fact, during closing argument, Movant's counsel argued to the jury that Movant could still be charged with the crime of attempting to steal from a soda pop machine, but that he was not guilty of possession of burglar's tools.

PARRISH, Judge, concurring.

I concur. I write separately to dispel any inference that appellant's counsel was derelict in not tendering an instruction for possession of a tool for use on vending machines in violation of § 578.445, RSMo Cum.Supp.1995, as a proposed lesser included offense of possession of burglary tools as that offense is defined in § 569.180, RSMo 1994. The principal opinion correctly states that the prejudice prong of the ineffective assistance of counsel test was not met because the offense created by § 578.445, possession of a tool for use on vending machines, does not constitute a lesser included offense of § 569.180, possession of burglary tools; that, therefore, appellant was not prejudiced by his trial counsel's failure to tender the vending machine tool instruction as a lesser included offense of possession of burglary tools. The same rationale supports a conclusion that the first prong of the test for ineffective assistance of counsel was not met. To submit such an instruction would have been a meaningless act. Trial counsel is not ineffective for failing to take an action at trial that would have been meaningless. *White v. State*, 939 S.W.2d 887, 898(Mo. banc), *cert. denied*, 522 U.S. 948, 118 S.Ct. 365, 139 L.Ed.2d 284 (1997). Appellant's trial counsel was not derelict in failing to submit the lesser included offense instruction that appellant asserts should have been submitted.